UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUSHMA JONES.,

        Plaintiff,                        Case No. 1:23-cv-11814

v.                                         Honorable Thomas L. Ludington
                                            United States District Judge
DOW CHEMICAL COMPANY.,

                                            Honorable Patricia T. Morris
       Defendant.                United States Magistrate Judge
_____/

**OPINION AND ORDER (1) SUSTAINING PLAINTIFF'S OBJECTIONS IN PART; (2) OVERULING PLAINTIFF'S OBJECTIONS IN PART; (3) REJECTING MAGISTRATE JUDGE'S ORDER IN PART; AND (4) ADOPTING MAGISTRATE JUDGE'S ORDER IN PART**

Plaintiff Sushma Jones objects to Magistrate Judge Patricia T. Morris's August 22, 2024 decision to (1) deny Plaintiff's Motion to Compel a Second Rule 30(b)(6) deposition of Defendant Dow Chemical Company's corporate representative; and (2) grant Defendant's Motion for Sanctions. As explained below, only one of Plaintiff's objections will be sustained. But this sustained objection is not outcome-determinative. Judge Morris correctly denied Plaintiff's Motion to Compel, and correctly imposed Rule 37 sanctions against Plaintiff for disregarding discovery deadlines.

I.

In January 2022, Defendant Dow Chemical Company hired Plaintiff Sushma Jones—a Black woman—to work as a Logistics Technician at Defendant's plant in Midland, Michigan. ECF No. 1 at PageID.2. Plaintiff resigned less than eight months later. *See* ECF No. 29-1 at PageID.473–74. In those eight months, Plaintiff alleges Defendant discriminated and retaliated against her on the basis of her race and gender, in violation of federal and state law. *See generally*

ECF No. 1. Specifically, Plaintiff alleges that, in March 2022, she was wrongfully accused of causing a chemical spill and, as a result, her supervisors and coworkers bullied and harassed her. *Id.* at PageID.2. When Plaintiff complained about this alleged hostility to her supervisors, she alleges her supervisors "moved" her to "different, less desirable shift[s]" in "less-favorable" locations. *Id.* at PageID.3–4.

Plaintiff filed her Complaint in July 2023. ECF No. 1. The docket reflects that discovery disputes have dominated the Parties' attention to the merits ever since. *See* ECF Nos. 12; 23; 29; 34; 38; 57; 60; 75. This Opinion and Order only addresses a few of the disputes.

Relevantly, on March 12, 2024, Plaintiff filed a Motion to Compel the deposition of Defendant's corporate representative under Civil Rule 30(b)(6). ECF No. 12. But the delay Plaintiff complained of was largely attributable to its own Counsel. Plaintiff averred that Defendant delayed the deposition in bad faith. *See generally id.* But Plaintiff's Counsel repeatedly refused to schedule required meet-and-confers with Defense Counsel to narrow the relevant topics at Dow's deposition. *See* ECF Nos. 15-5 at PageID.145; 15-6 at PageID.149; 15-8 at PageID.154; *see also* FED. R. CIV. P. 30(b)(6) (requiring parties to "confer in good faith about the matters for examination" "[b]efore or promptly after" notice is served). Stubbornly, Plaintiff's Counsel expressly refused to participate in further discovery until *after* Dow's deposition. ECF No. 15-12 at PageID.164. But, again, any delay in deposing Dow's representative was largely the result of Plaintiff's Counsel, who—for reasons unknown—took months to respond to Defendant's correspondence concerning this deposition.[1] *See* ECF Nos. 15-5 at PageID.145; 15-6 at

---

[1] The discovery timeline relevant to this motion is summarized below:

1. On October 31, 2023, Plaintiff filed a Civil Rule 30(b)(6) notice with Defendant, and attempted to schedule Dow's deposition on December 11, 2023. *See* ECF No.

   15-2. The deposition notice called for a representative with knowledge of 20 separate topics. *Id.* at PageID.135–37.

2. On November 3, Defendant requested a meet-and-confer on the deposition topics and informed Plaintiff that December 11 did not work with Dow's schedule. ECF No. 15-4 at PageID.142. Plaintiff's Counsel did not respond, and Defense Counsel sent follow-up emails on November 20 and December 1. ECF Nos. 15-5 at PageID.145; 15-6 at PageID.149.

3. On December 11, 2023, Plaintiff's Counsel responded to Defense Counsel by seeking confirmation that the Plaintiff would be deposing Dow's representative that day. ECF No. 15-7. Defense Counsel responded less than twenty minutes later, reiterating that the December 11 date did not work with Dow's schedule and again requested to meet and confer. ECF No. 15-8 at PageID.154.

4. On January 5, 2024, having received no response from Plaintiff's Counsel about the *Dow's* deposition, Defendant attempted to schedule *Plaintiff's* deposition in March, 2024. ECF No. 15-9 at PageID.156. Plaintiff's Counsel responded three days later that it would not proceed until Dow's representative was deposed. ECF No. 15-10. Defense Counsel responded by noting its efforts to meet-and-confer to narrow the deposition topics, and requesting that, "in the meantime," Plaintiff's Counsel provide dates for Plaintiff's deposition. ECF No. 15-11. Plaintiff's Counsel replied "[t]here is no 'in the meantime'" and refused to discuss Plaintiff's deposition. ECF No. 15-12 at PageID.164.

5. On January 11, 2024, the Parties finally met to discuss the topics to be covered at the Dow's deposition. ECF No. 15 at PageID.117. But, according to Defendant, only one of Plaintiff's two attorneys was present, and the present attorney "did not have the authority to narrow any of the deposition topics" and "needed to confirm" with her non-present cocounsel. *Id.*

6. On January 17, 2024, Defendant noticed Plaintiff's deposition, scheduled for March 4, 2024 in Midland, Michigan—where Plaintiff resides. *See* ECF No. 15-14. One week later, Plaintiff's Counsel objected to the deposition location, refused to confirm the date for Plaintiff's deposition, and refused to provide further discovery until Dow's corporate representative was deposed. ECF No. 15-15. In response, Defendant re-noticed Plaintiff's deposition to occur in Detroit, Michigan—where Plaintiff's Counsel is primarily located. ECF No. 15-17. Plaintiff's Counsel refused this newly-noticed deposition. ECF No. 15-18.

7. All Parties agreed to a February 13, 2024 phone call to discuss Dow's deposition, but, again, only one of Plaintiff's two attorneys participated. *See* ECF No. 15-21 at PageID.207.

- 3 -

PageID.149; 15-8 at PageID.154. Plaintiff's Motion to Compel was referred to Magistrate Judge Patricia T. Morris for resolution. ECF No. 13. On April 17, 2024, Judge Morris granted Plaintiff's Motion in part, narrowed the topics for Dow's deposition, and noted that the depositions of Plaintiff and Dow should occur promptly, "regardless of order." ECF No. 20. Dow's corporate representative—Brooke Baiardi—was deposed on June 4, 2024, ECF No. 29-1, and Plaintiff was deposed on August 14, 2024. *See* ECF No. 46 at PageID.831. But the discovery disputes were only just beginning.

On June 7, 2024, Defendant filed a Motion to Compel, arguing that Plaintiff did not provide requested relevant medical records and that paper copies of relevant electronic records—texts and emails—that Plaintiff had produced were unorganized and illegible. ECF No. 23. After referral, ECF No. 24, in July 2024 (the "July Order"), Judge Morris granted Defendant's motion in large part and ordered Plaintiff to produce signed medical release forms. ECF No. 32. Importantly, during a hearing regarding this motion, Plaintiff's Counsel informed Defendant and the Court that Plaintiff "no longer ha[d] the phone" that stored the electronic records in question and "d[id]n't have access to" the email account used to send the illegible and unorganized emails. ECF No. 45 at PageID.806. So Judge Morris ordered Plaintiff to produce the "best copies possible" of these electronic records, or alternatively "assist [D]efendant[] in getting subpoenas for those records from" Plaintiff's phone carrier, on or before July 29, 2024. ECF No. 32. The only aspect of Defendant's Motion to Compel that Judge Morriss *denied* was Defendant's request for sanctions

---

8. On February 26, 2024, Plaintiff filed a new 30(b)(6) notice to depose a Dow representative. *See* ECF No. 15-22. But this new notice included 19 of the 20 original topics, including many topics Defendant objected to. *See* ECF No. 15-22. Defendant responded with written objections, and separately requested dates for *Plaintiff's* deposition, which was still not confirmed. *See* ECF No. 15 at PageID.120.

in the form of reasonably incurred costs. *Id.* But Judge Morris gave Plaintiff's Counsel a "last warning" and noted Plaintiff's Counsel's conduct in delaying discovery and precluding production bordered on bad faith. ECF No. 45 at PageID.815.

Round two of the Parties' discovery dispute involved two more motions—one from each Party. On June 9, 2024, Plaintiff filed a *second* Motion to Compel Dow's deposition under Civil Rule 30(b)(6), arguing Defense Counsel obstructed Baiardi's June 4, 2024 Rule 30(b)(6) deposition by directing her not to answer questions which Defense counsel believed were outside the scope of the topics the Parties agreed on, as modified by the July Order. ECF No. 29. And on August 1, 2024, Defendant responded by filing a Motion for Sanctions, arguing Plaintiff failed to timely produce her electronic records—or otherwise assist Defendant in securing a subpoena—in accordance with the July Order. ECF No. 34. Both motions were referred to Judge Morris. ECF Nos. 30; 35.

On August 22, 2024 (the "August Order"), after entertaining the Parties' oral arguments, Judge Morris *denied* Plaintiff's second motion to compel and *granted* Defendant's motion for sanctions. ECF No. 43. On September 5, 2024, Plaintiff filed an omnibus objection to Judge Morris's August Order. ECF No. 49.

## II.

Under Civil Rule 72, a party may object to and seek review of a magistrate judge's non-dispositive pretrial orders. *See* FED. R. CIV. P. 72(b)(2). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Any objection that fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district

court's attention is not focused on any specific issues for review); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). Additionally, parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

If a party makes a timely, specific objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court may accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

### III.

Construed liberally, Plaintiff's omnibus objection asserts specific objections challenging both Judge Morris's denial of Plaintiff's Motion to Compel and, separately, Judge Morris's decision to grant Defendant's motion for sanctions. Plaintiff's objections to each decision will be addressed in turn.

#### A. Plaintiff's Motion to Compel Defendant's Second 30(b)(6) Deposition

Plaintiff raises three specific objections to Judge Morris's decision to deny Plaintiff's Motion to Compel a second 30(b)(6) deposition of Dow's corporate representative, Brooke Baiardi. To understand these objections and their merit, additional legal context concerning compulsion and corporate depositions is appropriate.

**1.**

Civil Rule 30 promulgates the procedures parties must abide by when deposing witnesses during discovery. But the Civil Rules distinguish between depositions of individuals and corporate representatives. Indeed, the deposition of a corporate representative "differs from [that of a] 'mere corporate employee' because, unlike an individual witness, the testimony of [a corporate representative] represents the knowledge of"—and binds—the corporation. *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019). With this great power comes great procedural protection.

Rule 30(b)(6) requires a party seeking to depose a corporate representative to notify or subpoena the corporation and describe the matters or topics to be discussed throughout the deposition "with reasonable particularity." FED. R. CIV. P. 30(b)(6). "The test for reasonable particularity is whether the request places the [deponent on] reasonable notice of what is called for and what is not." *Edwards*, 331 F.R.D. at 121. Once the corporation receives the deposing party's notice or subpoena, it "must designate one or more officers, directors, or managing agents, or . . . other persons who consent to testify on its behalf" and is authorized to "set out the matters on which" this representative will testify. FED. R. CIV. P. 30(b)(6). Moreover, the parties "*must* confer in good faith" about the topics the corporate representative will testify to "[b]efore or promptly after the notice or subpoena is served." *Id.* (emphasis added).

Turning from notice requirements to the depositions themselves, Civil Rule 30(c)(2) provides that the deponent must generally answer all questions asked of him or her, despite any objections raised by the deponent's attorneys. *See* FED. R. CIV. P. 30(c)(2) (noting "the examination still proceeds" over objections). However, relevant here, the rules expressly allow the deponent's attorney to "instruct [the] deponent *not* to answer" a question "when necessary to . . . enforce a

limitation ordered by the court." *Id.* (emphasis added). Yet, when a deponent does not answer a question, the opposing party may file a motion to compel the non-disclosed information under Civil Rule 37. FED. R. CIV. P. 37(a)(3)(B)(i). Indeed, Civil Rule 37 treats "evasive" and "incomplete" answers the same as failing to answer altogether. *See* FED. R. CIV. P. 37(a)(4).

So, the question before Judge Morris—now before the undersigned—is whether Plaintiff is entitled to answers for each of the questions Baiardi did not answer, which depends on whether Defense Counsel correctly interpreted these questions as outside the scope of the topics the Parties agreed on, as modified by Judge Morris's July Order.

**2.**

Plaintiff initially requested Dow's 30(b)(6) representative testify about the following nineteen topics:

1. DOW's organizational charts and lists identifying the divisions and management structure at the location(s) relevant to Plaintiff's employment two years before Plaintiff was hired, and for two years after Plaintiff's and Defendant's employment relationship ended.

2. The structure of DOW's human resources department, including number of employees, names, educational background, and reporting relationships for the time period of Plaintiff's employment, two years before Plaintiff was hired, and for two years after Plaintiff's and Defendant's employment relationship ended.

3. The creation, adoption, amendment and implementation of DOW's personnel manual/equal employment opportunity policy/anti-discrimination policy including the individuals involved, the dates the policy was created, adopted, amended or implemented, and the process for amending or revising the policy.

4. Policies, procedures, and practices for enforcing DOW's antidiscrimination/anti-retaliation policies, including the process for reporting, investigating, and resolving complaints of discrimination and/or retaliation.

5. Policies, procedures, and practices for conducting performance reviews or compensation reviews during the period for the time period of Plaintiff's employment, two years before Plaintiff was hired, and for two years after Plaintiff's and Defendant's employment relationship ended, changes to such policies, procedures, and practices, and the decision makers involved in

    performance review or compensation reviews, including those who provided input and those who had final authority.

6. Information regarding Plaintiff's separation from the company.

7. Information regarding Plaintiff's personnel file, including any write ups, disciplinary actions, or the like.

8. The compensation system, including pay scales, pay grades, or pay steps, if any, in effect for employees in or similarly situated to Plaintiff's position since Plaintiff was hired and the procedure or method used to determine starting salary or wage, bonus, or incentive compensation, merit increases, and other monetary compensation for employee's in or similarly situated to Plaintiff's position.

9. The benefits provided to employees in or similarly situated to Plaintiff's position, including any health and welfare programs, retirement benefits, insurance plans, pension or profit-sharing plans, stock bonus plans, deferred compensation programs, leave programs, and any other fringe benefits provided to employees in or similarly situated to Plaintiff's position.

10. Policies, procedures, and practice regarding the orientation and training of new employees in or similarly situated to Plaintiff's position, the materials provided during orientation or training for new employees in or similarly situated to Plaintiff's position, and the staff involved in orientation or training.

11. Training, if any, that DOW has provided its officers, directors, managers, supervisors, and employees regarding how to handle, report, process, or otherwise address claims of discrimination and/or retaliation, the materials provided to attendees during any training, the frequency and timing of such training, and the staff involved in providing such training.

12. Formal or informal complaints of discrimination/harassment on the basis of race made by DOW's employees since Plaintiff's employment, including formal and informal internal complaints, complaints filed with the Equal Employment Opportunity Commission (EEOC) or any other like agency, and lawsuits.

13. Formal or informal complaints of discrimination/harassment on the basis of gender made by DOW's employees since Plaintiff's employment, including formal and informal internal complaints, complaints filed with the Equal Employment Opportunity Commission (EEOC) or any other like agency, and lawsuits.

14. Formal or informal complaints of discrimination on the basis of retaliation made by DOW's employees since Plaintiff's employment, including formal and

informal internal complaints, complaints filed with the Equal Employment Opportunity Commission (EEOC) or any other like agency, and lawsuits.

15. Formal or informal complaints of discrimination/harassment on the basis of hostile workplace environment made by DOW's employees since Plaintiff's employment, including formal and informal internal complaints, complaints filed with the Equal Employment Opportunity Commission (EEOC) or another like agency, and lawsuits.

16. DOW's record-keeping and document retention policies, procedures, and practices.

17. The facts and circumstances that form, in whole or in part, the basis for the responses contained within your Answer filed in this litigation.

18. The facts upon which Defendant bases its affirmative defenses as described in its Answer Defendant filed in response to Plaintiff's complaint.

19. The facts and circumstances concerning DOW's collection and production of documents in this litigation, including individuals involved and areas searched.

ECF No. 12-6 at PageId.101–06. Defendant initially objected to nearly all proposed topics. *See id.* But, when Plaintiff's first motion to compel was pending before Judge Morris, the Parties only disputed topics 7 through 16. *See* ECF No. 12 at PageID.68–69.

In her July Order, Judge Morris denied Plaintiff's request to compel topics 7 and 16, and modified all other disputed topics as follows:

- Judge Morris combined and modified topics 8 and 9, instructing Defendant's 30(b)(6) witness to "provide information relevant to [P]laintiff's potential salary, wage rates, salary increases, bonuses, and other fringe benefits."

- Judge Morris modified topic 10, instructing Defendant's 30(b)(6) witness to "testify as to onboarding training for employees holding [logistic technician] positions in the Michigan division plant where [P]laintiff was working."

- Judge Morris modified topic 11, instructing Defendant's 30(b)(6) witness to "testify as to what the ethics complaint process entails and how supervisors are trained in the Michigan division plant where [P]laintiff worked. The request is limited to March 2022 through July 2022."

- Judge Morris combined and modified topics 12, 13, 14, and 15, instructing Defendant's 30(b)(6) witness to "testify as to topics regarding [the] Michigan

- 10 -

>division plant supervisors in the plant where [P]laintiff worked from March 2020 through December 31, 2022."

ECF No. 20 at PageID.256–57.

Throughout Baiardi's two-hour 30(b)(6) deposition, she refused to answer six specific questions on Defense Counsel's direction that the questions were outside the scope of these limited, modified topics.

When Plaintiff's Counsel and Baiardi were discussing Dow's HR personnel, Plaintiff's Counsel asked Baiardi how Dow determined when certain HR staff "needed" to be "on-site," as opposed to working remotely ("**Question One**"). ECF No. 29-1 at PageID.450–51. Baiardi did not answer on Defense Counsel's instruction that such a question was outside the scope of topic 2. *Id.* ("That's outside the scope of the deposition topic. We . . . produced the witnesses and names of the [HR] professionals who supported Plaintiff's work group. We . . . have you a little bit more leeway to get a little bit of additional background [but] I think we can move on."). Baiardi also did not answer Plaintiff's Counsel's question about whether Plaintiff's specific HR representative "ha[d] any individuals who directly report[ed] to her" ("**Question Two**"), for the same reason *Id.* at PageID.451–52.

When Baiardi and Plaintiff's Counsel were discussing Dow's internal complaint process, Plaintiff's Counsel asked Baiardi how Dow defines formal and informal complaints ("**Question Three**" and "**Question Four**"). *Id.* at PageID.472–73. Plaintiff's Counsel noted these questions related to the Court-modified topics 12 through 15, which addressed Plaintiff's plant supervisors. *Id.* But Baiardi refused to answer these two questions, on instructions from Counsel that these questions were outside the scope of the Court-modified topics. *Id.*

Regarding topic 6, Baiardi refused to answer Plaintiff's Counsel when she asked whether Dow responded to Plaintiff's resignation text in August 2022 ("**Question Five**"). *Id.* at PageID.474.

Finally, Plaintiff's Counsel asked Baiardi to provide a list of "the individuals who [worked] in [Dow's] ethics department" (**"Question Six"**). *Id.* at PageID.476. Baiardi did not answer because Defense Counsel believed the question was outside the scope of modified topic 11, which instructed Defendant to produce a witness who could testify about what the ethics complaint process *entailed* and how supervisors were trained. *Id.* at PageID.477 (referring to ECF No. 20 at PageID.256).

**3.**

Back to Judge Morris' August Order and Plaintiff's objections. Judge Morris denied Plaintiff's Motion to Compel a second Rule 30(b)(6) deposition, and agreed with Defense Counsel that the questions discussed above were outside the scope of the Rule 30(b)(6) topics, as agreed by the Parties and modified by the July Order. ECF No. 46 at PageID.828. So, Judge Morris concluded Defense Counsel did not obstruct Baiardi's deposition, and Plaintiff was not entitled to compel any further discovery under Rule 37:

> So, in this instance, I find that defense counsel's asking the deponent not to answer questions was pursuant to the court rule, was appropriate under the court rule because the -- they are allowed to instruct their deponent not to answer things that go beyond limitations that were ordered by the Court, and I think that's exactly what happened here.

*Id.*; *see also id.* at PageID.830 ("[D]efense counsel had a reason for limiting their deponent from answering the questions, and so they did not violate the rule.").

Plaintiff first objects that this conclusion was erroneous, because, in her view, "[t]he questions posed by Plaintiff's counsel were within the scope of" the topics the Parties agreed on,

as modified by the July Order. ECF No. 49 at PageID.856–57. But this objection does nothing more than restate the argument Plaintiff presented to Judge Morris in her Motion to Compel. *Compare id. with* ECF No. 46 at PageID.821 (arguing the questions "fell within the topics"). This is improper. *See Aldrich*, 327 F. Supp. 2d at 747 ("An 'objection' that does nothing more than . . . summarize[] what has been presented before, is not an 'objection' as that term is used in this context."); *Howard*, 932 F.2d at 509 (noting duplicative arguments "waste[] judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). When a party asserts arguments already presented to the magistrate judge, the magistrate judge's resolution is assessed for clear error, rather than reviewed *de novo*. *Morris v. White*, No. 22-13081, 2024 WL 4349183, at *1 (E.D. Mich. Sept. 30, 2024). This Court has thoroughly reviewed Baiardi's deposition transcripts, as well as the agreed-on Rule 30(b)(6) topics, as narrowed and modified by the July Order. Judge Morris did not clearly error when concluding that the subject matter of the six questions Baiardi refused to answer were outside the scope of these topics. Plaintiff's first objection will accordingly be overruled.

But, Plaintiff also objects that "there was no Court order limiting" topics 1 through 6, such that Defense Counsel had no basis under Rule 30(c)(2) to instruct Baiardi not to answer questions related to those topics. *See* ECF No. 49 at PageID.854–55. Plaintiff is correct. Topics 1 through 6 were agreed on by the Parties and were entirely unaffected by the July Order. *See* ECF No. 32. Accordingly, although Defense Counsel could have *objected* to Questions One and Two—related to topic 2—and Question Five—related to topic 6—he should not have instructed Baiardi to refrain from answering these questions, never mind the fact that these questions were outside the scope of the noticed topics. So, Plaintiff's second objection will be sustained.

But what is the right remedy? Plaintiff wants to depose Baiardi—or another corporate representative—again. Hence Plaintiff's Motion to Compel. *See* ECF No. 29. In denying this motion, Judge Morris rejected this remedy as unwarranted and irregular. ECF No. 46 at PageID.828 (noting second depositions "should not be granted if there was opportunity to obtain the info[rmation] earlier or in another way" and, here, "Defendant is not trying to preclude Plaintiff from obtaining the information generally, and is instead precluding Plaintiff from obtaining this information from the specifically noticed Rule 30(b)(6) deponent."). Plaintiff objects to this reasoning, arguing that Rule 37 "permits a wide range of sanctions . . .which could include . . . another deposition." ECF No. 49 at PageID.858. Neither the August Order nor Plaintiff's objection gets it quite right.

"[A] court is not required to grant a motion to compel merely because an attorney gave an improper instruction not to answer" a deposition question. *E.E.O.C. v. Freeman*, 288 F.R.D. 92, 98 (D. Md. 2012). "Regardless of the behavior of counsel during a deposition, a court need not compel the discovery of information that falls outside the scope of proper discovery under" Civil Rule 26(b)(1)—which limits the scope of discovery to relevant and nonprivileged information. *Id.*; FED. R. CIV. P. 26(b)(1).

As discussed, when a Rule 30(b)(6) deponent is asked a question outside the scope of a topic *subject to a court order*—like Questions Three, Four, and Six, here—the deponent's attorney is within their rights to instruct the deponent not to answer the question, to enforce the applicable court order. *See* FED. R. CIV. P. 30(c)(2). On the other hand, when the Rule 30(b)(6) deponent is asked a question outside the scope of the noticed topics *not subject to court order*—like Questions One, Two, and Five, here—the deponent must answer the question over their attorney's objection, *but* the answer does *not* bind the corporate defendant. *Goodyear Tire & Rubber Co. v. Ceva*

*Logistics*, 2024 WL 4680532, at *11 (E.D. La. Nov. 5, 2024). Instead, "testimony in response to questions beyond the scope of the notice construes the testimony of the designee in *an individual capacity*[.]" *Id.* (emphasis in original).

So, any answer Baiardi would have provided to Questions One, Two, and Five—decidedly outside the scope of the agreed-on Rule 30(b)(6) topics but not subject to court order—would bind Baiardi in her *individual capacity*, and would not bind Defendant. The Parties do not explain how Baiardi's answers to these three questions—in her individual capacity—are relevant to any claim or defense, and no relevance is obvious to this Court. In this way, the information Plaintiff seeks to compel is outside the scope of discovery under Rule 26 and, and accordingly does not warrant a second Rule 30(b)(6) deposition.

In sum, Plaintiff raised three specific objections to Judge Morris's decision to deny her Motion to Compel a second Rule 30(b)(6) deposition. This Court will sustain Plaintiff's objection that three of the six questions Baiardi did not answer were not subject to any Court order, such that Defense Counsel erroneously instructed Baiardi not to answer. However, Judge Morris did not err in concluding that all six questions were outside the scope of the agreed-on and Court-ordered Rule 30(b)(6) topics, and Plaintiff's objection to the contrary will be overruled. "This Court will not compel [Defendant] to produce a designee to answer questions which were outside the scope of the 30(b)(6) notice." *Freeman*, 288 F.R.D. at 99. So, Plaintiff's third objection—that Civil Rule 37 contemplates a compelled second deposition on these facts—will be overruled as well. In sum, Judge Morris correctly denied Plaintiff's Motion to Compel.

### B. Defendant's Motion for Sanctions

Plaintiff's objections regarding Defendant's Motion for Sanctions are much easier to resolve.

Judge Morris granted Defendant's Motion for Sanctions because, after being warned that further dilatory tactics may be sanctionable, Plaintiff did not produce organized, legible copies of her electronic records—or otherwise assist Defendants in securing a subpoena—by the deadline explicitly imposed by the July Order. ECF No. 46 at PageID.831, 837–40. Moreover, it was revealed at Plaintiff's August 14, 2024 deposition that—contrary to her Counsel's prior representations to the Court—she still had access to the electronic records in question and "had better copies" of the illegible and unorganized records Plaintiff's Counsel previously produced to the Defense. *Id.*

Plaintiff does not dispute that she failed to abide by this Court's July 2024 Order. *See* ECF No. 49. Instead, she objects and argues that her Counsel "made diligent efforts" in "good faith" "to obtain better copies of the documents in question," such that any failure to abide by this Court's production deadline was unintentional or substantially justified. *Id.* at PageID.858–59. But Judge Morris already heard this explanation, and found it lacked merit. *Compare id.* to ECF No. 46 at PageID.833–34; *see also* ECF No. 46 at PageID.837 ("Plaintiff's counsel argues that she's just tirelessly . . . tried to comply. I'm not seeing that. I see counsel blaming the client and saying that [counsel] had no idea there were better copies available."), PageID.840 (describing Plaintiff's Counsel's argument concerning good faith "disingenuous"). Again, Civil Rule 72 does not provide Plaintiff with a second bite of the apple to re-hash rejected arguments. *See Aldrich*, 327 F. Supp. 2d at 747 ("An 'objection' that does nothing more than . . . summarize[] what has been presented before, is not an 'objection' as that term is used in this context."); *see also Tomelleri v. SunFrog*, LLC, 721 F. Supp. 3d 566, 577 (E.D. Mich. 2024) (overruling objections which did "not identify a flaw within" the magistrate judge's "analysis, and instead repeat[ed] the same arguments" the objecting party unsuccessfully raised in their underlying motion); *Garcia v. Comm'r of Soc. Sec.*,

No. 2:18-CV-13487, 2020 WL 948412, at *2 (E.D. Mich. Feb. 27, 2020) ("Moreover, to the extent that [the objecting party] is merely rehashing the same argument from her motion for summary judgment, her objection is improper.").

Judge Morris did not err in granting Defendant's Motion for Sanctions. Under the express terms of the July Order, Plaintiff had until July 29, 2024, to either (1) "produce the best copies possible" of the electronic records in question, or (2) "assist defendants in getting subpoenas for those records from her carrier[.]" ECF No. 32 at PageID.516. Plaintiff did neither. And Plaintiff was expressly warned that this failure would be subject to sanctions. ECF No. 45 at PageID.815. ("I'm hesitant to ever find that there's anything but good faith, but I will say that this is kind of a . . . last warning. I mean, if these kinds of things persist, then I'm going to . . . find that this has not been taken in good faith."). Rule 37 requires nothing more to impose monetary sanctions. *See* FED. R. CIV. P. 37(b)(2)(A) and (C).

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 49, is **SUSTAINED IN PART,** to the extent Plaintiff argued that Judge Morris erred by not considering that some of the questions Brooke Baiardi did not respond to throughout her Civil Rule 30(b)(6) deposition were not the subject of any court order, such that Defense Counsel's instruction to refrain from answering violated Civil Rule 30(c)(2).

Further, it is **ORDERED** that Plaintiff's Objection, ECF No. 49, is **OVERRULED IN PART,** in all other respects.

Further, it is **ORDERED** that Judge Morris's August 22, 2024 Order, ECF No. 43, is **REJECTED IN PART**, to the extent it did not consider that three of the six questions Brooke

Baiardi refused to answer throughout her Rule 30(b)(6) deposition were not subject to any Court order, such that Defense Counsel improperly instructed her to refrain from answering them.

Further, it is **ORDERED** that Judge Morris's August 22, 2024 Order, ECF No. 43, is **ADOPTED IN PART**, in all other respects, including the ultimate decision to **DENY** Plaintiff's Motion to Compel, ECF No. 29, and **GRANT** Defendant's Motion for Sanctions, ECF No. 34.

**This is not a final order and does not close the above-captioned case.**

Dated: December 6, 2024                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge