UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| SUSHMA JONES, | Case No. 1:23-cv-11814 |
| *Plaintiff*, | Thomas L. Ludington<br>United States District Judge |
| v. | |
| THE DOW CHEMICAL COMPANY, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant*. | |

**ORDER REGARDING DEFENDANT'S BILL OF COSTS
AND PLAINTIFF'S OBJECTION TO THE BILL OF COSTS**
(ECF Nos. 47 and 49)

## I. INTRODUCTION

On November 7, 2024, oral argument was held on Plaintiff's second motion to compel (ECF No. 29), and Defendant's motion for sanctions (ECF No. 34.) Plaintiff's motion was denied and Defendant's motion for sanctions was granted. (ECF No. 43.) Defendant filed its bill of costs. (ECF No. 47.) Plaintiff filed a document entitled objections to the bill of costs, but instead of actually objecting to either the hourly rate charged or the number of hours spent, Plaintiff's objections regard the Court's Order granting the motion for sanctions. (ECF No. 49.)

1

To the extent that Plaintiff is asking for reconsideration of the Court's Order imposing sanctions, I note that Plaintiff has not filed such a motion but instead simply added her complaints in to the objections to the bill of costs. (ECF No. 49.) However, even if the court were to construe this language as a motion for reconsideration, the motion would be denied. "Rule 59 motions to reconsider are granted in three circumstances: (1) to correct an error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *Doran v. Joy Global, Inc.*, 2016 WL 7799598, at *2 (E.D. Tenn. August 9, 2016), citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). In addition, our local rules provide that "[g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." A motion for reconsideration "does not afford parties an opportunity to reargue their case." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). I find that even if the motion were properly

raised, Plaintiff has failed to allege any viable grounds for granting the motion; thus, any motion for reconsideration is denied.

Plaintiff has not raised any issues actually objecting to any provision of the submitted bill of costs, i.e., hourly rate or number of hours spent in preparation. Fed. R. Civ. P. 37(b)(2)(A) and (C). Therefore, Plaintiff has waived the issue. *Santiago v. Meyer Tool, Inc.*, 1:19-cv-32, 2024 WL 1656984, at *3 (S.D. Ohio Apr. 17, 2024).

Defense counsel submitted a bill of costs for $4,397.50 total. (ECF No. 47.) Plaintiff has not alleged the above rates are unreasonable nor has Plaintiff provided the Court with any evidence, such as the current Economics of Law Survey results, to indicate that the rates charged are unreasonable.

Accordingly, I find that **Defendant's bill of costs in the amount of $4,397.50 should be paid to Defendant on or before January 27, 2025.**

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: January 13, 2025                    s/ PATRICIA T. MORRIS
                                          Patricia T. Morris
                                          United States Magistrate Judge