UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUSHMA JONES,

                            Plaintiff,              Case No. 1:23-cv-11814

v.                                                  Honorable Thomas L. Ludington
                                                    United States District Judge

THE DOW CHEMICAL COMPANY,
                                                    Honorable Patricia T. Morris
                            Defendant.              United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING
MAGISTRATE JUDGE'S PRETRIAL DISCOVERY ORDER, AND DENYING
PLAINTIFF'S MOTION TO STAY ENFORCEMENT OF COSTS AS MOOT**

On November 7, 2024, Magistrate Judge Patricia T. Morris issued a nondispositive order
denying two of Plaintiff Shushma Jones's pretrial discovery motions, and granting Defendant Dow
Chemical Company's request for reasonably incurred costs under Civil Rule 37(a)(5)(A).
Currently before the Court are Plaintiff's objections to the November Order and Plaintiff's Motion
to Stay the Rule 37 sanctions payment pending the resolution of the objections. As explained
below, most of Plaintiff's objections lack the specificity required by Civil Rule 72 and the
Magistrate's Act. The remaining objections lack merit. Accordingly, Plaintiff's objections will be
overruled, Judge Morris's November Order will be adopted, and Plaintiff's Motion to Stay
payment pending the resolution of objections will be denied as moot.

**I.**

In January 2022, Defendant Dow Chemical Company hired Plaintiff Sushma Jones—a
Black woman—to work as a Logistics Technician at Defendant's plant in Midland, Michigan. ECF
No. 1 at PageID.2. Plaintiff resigned less than eight months later. *See* ECF No. 29-1 at
PageID.473–74. In those eight months, Plaintiff alleges Defendant discriminated and retaliated

against her on the basis of both her race and gender, in violation of federal and state law. *See generally* ECF No. 1. Specifically, Plaintiff alleges that, in March 2022, she was wrongfully accused of causing a chemical spill and, as a result, her supervisors and coworkers bullied and harassed her. *Id*. at PageID.2. According to Plaintiff, when she complained about this alleged hostility to her supervisors, they "moved" her to "different, less desirable shift[s]" in "less-favorable" locations. *Id*. at PageID.3–4.

Plaintiff filed her Complaint in July 2023. ECF No. 1. Then came the discovery disputes. *See, e.g.*, *Jones v. Dow Chem. Co*., No. 1:23-CV-11814, 2024 WL 5004323 (E.D. Mich. Dec. 6, 2024); *Jones v. Dow Chem. Co*., No. 1:23-CV-11814, 2025 WL 85734, at *1 (E.D. Mich. Jan. 13, 2025). This Opinion & Order resolves two of these disputes. Each will be discussed in turn.

**A. Deposition Scheduling**

The first discovery dispute addressed in this Opinion & Order involves a months-long struggle to schedule depositions, which resulted in Plaintiff's Motion to Compel the depositions of Jason Ellis and Jessica Bruske, ECF No. 57, and Defendant seeking sanctions in the form of reasonably incurred costs for opposing Plaintiff's Motion, which Defendant maintained was frivolous and unnecessary. ECF No. 62. Relevantly, Jason Ellis supervised Plaintiff before her termination and, as alleged, played a "key role" in Plaintiff's discrimination. ECF No. 57 at PageID.1020. And Jessica Bruske is a "senior operations leader" at Dow, ECF No. 135-9 at PageID.3515, who "verified Defendant's answers to discovery." ECF No. 57 at PageID.1021, 1025 ("Jessica Bruske is a manager over the supervisors in this case[.]").

This discovery dispute began in May 2024. On May 15, 2024—ten months after she filed her Complaint and two months before the then-scheduled discovery cutoff, *see* ECF No. 21— Plaintiff provided notice that she would depose (1) Rana Hasimu, (2) Latoya Baker, (3) Chris

France, (4) Mario Williams, (5) Mo McGee, and (6) Jason Ellis on various dates in late June 2024. *See* ECF No. 62-3.

On May 21, 2024, Defense Counsel emailed Plaintiff Counsel that Chris France and Mario Williams were no longer Dow employees, so Defendant could not produce them.[1] ECF No. 62-4 at PageID.1102. And, as to the four Dow employees—Hasimu, Baker, McGee, and Ellis—the email noted that dates as "unilaterally noticed" by Plaintiff "did not work" for "several reasons." *Id.* Ms. Hasimu was "on leave" and "unavailable" until the end of August 2024. *Id.* And two of the depositions conflicted with Plaintiff's deposition, which the Parties had already scheduled for June 25, 2024. *Id.* So, Defendant proposed new dates in late July 2024 for the depositions of Ellis, Baker, and McGee. *Id.*

On May 21, 2024, Plaintiff's Counsel replied that "late July doesn't work" because both attorneys would be "out of town at a convention." ECF No. 62-5 at PageID.1105. Defense Counsel replied that the "next available date[s]" for the witnesses were August 21 and 22, 2024. ECF No. 62-6 at PageID.1109. Plaintiff's Counsel responded that they could "make it work," agreed to the August 2024 depositions, and agreed to adjourn the operative scheduling order and discovery cutoff. *See* ECF No. 62-7 at PageID.1114.

But, on August 15, 2024, Defense Counsel emailed Plaintiff's Counsel to "confirm whether the three . . . depositions" would be proceeding as scheduled on August 21, 2024. ECF No. 62-8 at PageID.1121. The next day, Plaintiff's Counsel responded—without explanation—that they "need[ed] to reschedule" the depositions, and proposed dates in mid-September 2024. *Id.* Defense Counsel replied that these dates "d[id] not work for [their] office" but they would "get back" to

---

[1] Defendant promptly produced the last known addresses for these former employees. ECF No. 62-6 at PageID.1109.

Plaintiff's Counsel with "alternative dates." ECF No. 62-9 at PageID.1124.

On August 22, 2024, Defense Counsel provided notice of the continued deposition of Plaintiff for October 2, 2024, and proposed that all three Dow employees—Baker, McGee, and Ellis—be deposed on November 20, 2024. ECF No. 62-10 at PageID.1127. Even though the depositions were being adjourned because of *Plaintiff's Counsel's* unexplained need to reschedule, Plaintiff's Counsel replied that the delay was "[un]reasonable." ECF No. 62-11 at PageID.1130. Again without explanation, Plaintiff's Counsel said they "c[ould not] do" Plaintiff's deposition on October 2 and needed to depose the Dow employees before November. *Id.* On August 26, 2024, Defense Counsel responded with new proposed dates for all depositions. ECF Nos. 62-12 at PageID.1135; 62-15 at PageID.1150.

Despite Defense Counsel's efforts to schedule the depositions, Plaintiff's Counsel sent Defense Counsel an email on August 28, 2024 noting Plaintiff would "file a motion to compel" if Defense Counsel did "not provide earlier dates." ECF No. 62-15 at PageID.1150. Defense Counsel promptly responded that a motion to compel was unnecessary because Defendant "agreed to extend discovery." ECF No. 62-16 at PageID.1157. Defense Counsel aptly noted that they were not trying to "delay" litigation, and were instead trying to "work[] around schedules." *Id.* On August 29, 2024, Plaintiff's Counsel responded that Plaintiff would not agree to adjourn the scheduling order and extend discovery and that the proposed November depositions would not "work" as Plaintiff's Counsel would be "out of town." ECF No. 62-17 at PageID.1165. Defense Counsel responded later that day as follows:

> You cancelled the depositions at the last minute. We did our best to obtain and provide new dates based on counsel and witness availability. We have done that. There is no reason to seek the Court's intervention regarding scheduling, but if you don't want to work with us in an effort to get the depositions scheduled then that is up to you. We are willing to work with you if the dates provided do not work for your schedule.

ECF No. 62-18 at PageID.1174.

Plaintiff's Counsel responded with new deposition notices scheduling the depositions of McGee, Hasimu, Ellis, and Baker in mid-October 2024, after Plaintiff's continued deposition earlier that month. *See* ECF No. 62-19. Plaintiff's Counsel replied that Ms. Hasimu could be deposed as scheduled but explained—again—that McGee, Ellis, and Baker had scheduling conflicts but could be deposed on November 20 and 25, 2024. ECF No. 62-60 at PageID.1206.

On September 6, 2024, instead of finalizing the deposition dates for those three witnesses, Plaintiff's Counsel responded with "notices for three *additional* witnesses": (1) Jessica Bruske, (2) Kathleen Reder, and (3) Matt Maiers. ECF No. 62-21.

Defense Counsel replied that they would "check [the] calendars" for these newly proposed deponents, ECF No. 62-23 at PageID.1248, and sent a follow-up on September 9, 2024, proposing dates for all noticed Dow employee depositions as follows:

1. Rana Hasimu: October 14, 2024 at 10:00 AM
2. LaToya Baker: November 20, 2024 at 10:00 AM
3. Mo McGee: November 20, 2024 at 12:30 PM
4. Matt Maiers: November 20, 2024 at 2:30 PM
5. Jason Ellis: December 3, 2024 at 10:00 AM
6. Jessica Bruske: December 6, 2024 at 1:00 PM

ECF No. 62-24 at PageID.1260. Defense Counsel further noted that Kate Reder was "on leave and unavailable." *Id.*

Plaintiff's Counsel did not agree to this schedule. For reasons unexplained, Plaintiff's Counsel indicated that they "need[ed]" to depose Bruske and Ellis before any other Dow employee, ECF No. 62-25 at PageID.1272, and "need[ed]" to depose them "before November 22nd . . . because of the nature of the work environment." ECF No. 62-26 at PageID.1286. Plaintiff's Counsel further accused Defense Counsel of needlessly delaying proceedings. *Id.* Defense Counsel replied that the dates as proposed still worked for all deponents, and explained their perspective as

follows:

> [E]very time we provide you a schedule, your requests and requirements change. For instance, you said to provide deposition dates before December 15, specifically stating "the depositions need to all take place before December 15th." We thus provided a schedule to accommodate that. But now you are asking for all the depositions before November 22. Next, you requested the deposition of Ms. Bruske for the first time just last week, well after you requested several depositions[.]Yet no[w] you want Ms. Bruske before the other witnesses.
>
> . . . We are not doing anything to delay discovery, but rather, since the start of this case, have repeatedly tried to move this case forward. If you want to file a motion to compel, even though we have repeatedly provided dates, that is your prerogative. Otherwise, please let us know if the schedule provided is agreeable, and send the appropriate notices.

*Id.*

Plaintiff's Counsel responded that "Ms. Bruske and Mr. Ellis are key witnesses" such that Plaintiff's Counsel would not wait "until 6 weeks before the end of discovery during the holidays to speak to them." ECF No. 62-27 at PageID.1300. So Defendant checked these deponents' schedules, again, and replied that they could not "provide a different date for Mr. Ellis" but could move Ms. Bruske's deposition to October 18, 2024. ECF No. 62-26 at PageID.1315. Plaintiff's Counsel replied that they "nee[ed] Mr. Ellis in October or [they would] file a motion to compel." ECF No. 62-30 at PageID.1347. Defense Counsel reiterated that Mr. Ellis was unavailable "for a full day deposition"—as Plaintiff requested—until December 3, 2024. ECF No. 62-32 at PageID.1380. So Plaintiff's Counsel replied that they would "be filing a motion to compel." ECF No. 62-35 at PageID.1434.

Plaintiff filed her Motion to Compel on October 1, 2024. ECF No. 57. Plaintiff specifically sought to compel the depositions of Jessica Bruske and Jason Ellis and sought an accommodating extension of the discovery cutoff. *Id.* Plaintiff argued that Defendant unreasonably and prejudicially delayed proceedings and obstructed these witnesses from being deposed. *See*

*generally id.* Defendant responded on October 15, 2024, and sought sanctions for Plaintiff's filing, which Defendant contended was frivolous. ECF No. 62; *see also* FED. R. CIV. P. 37(a)(5)(B) (providing that, if a court denies a motion to compel, the court "must . . . require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.")

### B. Document Production

The second discovery dispute addressed in this Opinion & Order concerns Defendant's document production. Unlike the deposition dispute discussed above, this dispute is easy to explain. On September 16, 2024, Magistrate Judge Patricia T. Morris granted in part one of Plaintiff's earlier motions to compel, ECF No. 38, and directed Defendant to produce the following:

> [I]nformation regarding any people who worked as logistics technicians during [the] 6 months prior to Plaintiff's employment and 6 months after. Those technicians will include only individuals who worked in the same two buildings that Plaintiff worked in during her less than one year tenure. The information will include the individual's race and gender, whether any formal disciplinary action was taken against each of them and how their employment was terminated if it was terminated. In addition, Defendant will include information as to any formal or informal complaints raised by those individuals as to race or gender discrimination.

ECF No. 55 at PageID.944–45 (the "September Order").

But, on October 14, 2024, Plaintiff filed a motion for sanctions because Defendant had not yet "complied with" this Order. ECF No. 60 at PageID.1047. Defendant responded on October 28, 2024 that the September Order "placed a heavy burden on" it, but it had been working diligently to collect and produce all required information. ECF No. 68. Indeed, that same day, Defense Counsel provided Plaintiff's Counsel with "most information required by the" September Order, including "the names of all [logistics technicians] who worked in the [same] buildings [as Plaintiff] from July 2021 to February 2023, the buildings in which they worked, their race, their gender,

whether they [were] still employed, and whether the[y] complain[ed] of gender or race discrimination." *Id.* at PageID.1569–70; *see also* ECF No. 68-3 at PageID.1592.

### C. Procedural Posture

This Court referred Plaintiff's Motion to Compel Depositions, ECF No. 57, and Plaintiff's Motion for Sanctions, ECF No. 60, to Magistrate Judge Patricia T. Morris in accordance with Civil Rule 72. ECF Nos. 58; 61. Because Defendant requested sanctions in response to Plaintiff's Motion to Compel, *see* ECF No. 62, that request was referred to Judge Morris, too. On November 7, 2024, the Parties appeared before Judge Morris for a hearing on these motions and requests. *See* ECF No. 64. Both of Defendant's attorneys—Edward Bardelli and Amanda Fielder—appeared. *See* ECF No. 74 at PageID.1637. Although Plaintiff is represented by two affiliated attorneys— Carla Aikens and Rejanae Thurman—Ms. Thurman appeared at the November hearing alone. *See id.*

Judge Morris began with Plaintiff's Motion for Sanctions and the document-production dispute. *See* ECF No. 74 at PageID.1640. Despite Defendant's October 2024 production, Plaintiff maintained Defendant violated the Order by not producing the "dates" for each individual technician's employment with Dow.[2] *Id.* at PageID.1640. But Judge Morris rejected that argument because the September Order did not require Defendant to produce the specific dates of any individual technician's employment. *Id.* at PageID.1641, 1643 ("Your motion is that they have failed to comply with the order, and I think the order didn't require that. The order required them

---

[2] Plaintiff also argued that Defendant's production was incomplete. *See* ECF No. 74 at PageID.1641. But Plaintiff arrived at this argument by sharing Defendant's confidential production with non-party current and former Dow employees. *See* ECF No. 69 at PageID.1623. This prompted more motions, ECF No. 75, more Rule 72 referral orders, ECF No. 85, and more objections, ECF Nos. 86; 87. This Court will fully address this purported breach of confidentiality in a separate Opinion and Order.

to provide you information in that time frame, which they have done."). Defendant conceded it had not yet produced each technician's full disciplinary history as required by the September Order, but estimated it would be able to fully produce this information within two weeks. *Id.* at PageID.1648. Judge Morris found this was "reasonable[]" as the September Order did not impose any deadlines. *Id.* At bottom, Judge Morris denied Plaintiff's Motion for Sanctions because "Defendant[] . . . complied with the [September] [O]rder. *Id.* at PageID.1658; *see also* ECF No. 71.

Judge Morris then turned to Plaintiff's Motion to Compel the depositions of Ellis and Bruske. Plaintiff's Counsel conceded that the Motion was largely moot because the Parties finally reached an "agreed upon schedule" to depose these witnesses. ECF No. 74 at PageID.1661; *see also id.* at PageID.1662–64. But both sides still sought sanctions. Plaintiff's Counsel wanted their reasonably incurred costs in filing the Motion, *see id.* at PageID.1661, and Defense Counsel wanted their reasonably incurred costs in responding to it. *See* ECF No. 62. Judge Morris denied Plaintiff's Motion to Compel because, based on her review of the "blow-by-blow chronology" recited above, "it's quite clear that [Defense Counsel] [were] not . . . avoiding [the depositions, but instead were] trying quite hard to[] get things scheduled." ECF No. 74 at PageID.1666–67. Indeed, Judge Morris noted that most of the delay was attributable to Plaintiff's Counsel. *See id.* (discussing Plaintiff's Counsel's "last minute cancellation[s]," and "adding different witnesses"). And because she concluded there "was no justification for [Plaintiff] having brought th[e] motion," Judge Morris granted Defendant's request for sanctions and ordered Plaintiff to pay Defendant's reasonably incurred costs. *Id.* at PageID.1672–73; *see also* ECF No. 71.

Defendant promptly filed its bill of costs, totaling $8,983.50. ECF No. 72.  Then came the objections. On November 21, 2024, Plaintiff objected to Judge Morris's November 7, 2024 Order.

ECF No. 76. Plaintiff also objected to Defendant's Bill of Costs. ECF No. 77. While most objections to the Bills of Costs dispute the purported hourly rate or the hours worked by opposing counsel, Plaintiff's objection sought reconsideration of Judge Morris's decision and asked this Court to "deny Defendant's Bill of Costs" in its entirety because (1) Plaintiff's Motion was substantially justified," (2) "awarding costs would be unjust," and (3) "allowing costs undermines judicial integrity." ECF No. 77.

On November 27, 2024, Judge Morris denied Plaintiff's Objection to Defendant's Bill of Costs because (1) Plaintiff did not raise "any viable grounds" for reconsideration and (2) Plaintiff waived any objections to Defense Counsel's hourly rate or hours spent in preparation. ECF No. 79. So Judge Morris directed Plaintiff to pay Defendant's Bill of Costs—$8,983.50—"on or before December 20, 2024." ECF No. 79.

But on the eve of Plaintiff's payment deadline, she filed another motion seeking to "stay enforcement of" this payment, pending the resolution of her three objections to the underlying November 7, 2024 Order. ECF No. 84. So this Court must resolve Plaintiff's Objections, ECF No. 76, to the November 2024 Order, ECF No. 71, and Plaintiff's Motion to Stay, ECF No. 84.

## II.

Under Civil Rule 72 and the Magistrate's Act, 28 U.S.C. § 636, a party may object to and seek review of a magistrate judge's orders. But this Rule and statute were intended to "improve access to the federal courts and aid the efficient administration of justice." *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). In the interest of judicial efficiency, objections must be *specific. Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Indeed, a "general objection to the entirety of the magistrate's report [or order] has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby

making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

The substance of the Magistrate's order dictates the district court's standard of review applicable to proper, specific objections. If the order is dispositive, a district court judge "must" review the challenged issue *de novo. Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citing 28 U.S.C. § 363(b)(1)(B) and FED. R. CIV. P. 72(b)). If the underlying order is nondispositive, a reviewing district court judge will only reverse when the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

"A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). And a legal conclusion is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)). Legal conclusions are reviewed *de novo. Id.* This deferential standard makes it "extremely difficult" for district court judges to "justify alteration of the magistrate judge's nondispositive" orders. CARLES ALANA WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022).

## III.

Judge Morris's November 7, 2024 order resolved nondispositive discovery disputes. *See Baker*, 67 F. App'x at 311 (6th Cir. 2003); *McClean v. Ogemaw Cnty.*, 642 F. Supp. 3d 616, 618 (E.D. Mich. 2022). So this Court considers whether any of Plaintiff's objections reveal clear error. As explained below, none do.

### A. Objections to the Denial of Plaintiff's Motion to Compel

Plaintiff raises two objections to Judge Morris's decision to deny her Motion to Compel the depositions of Jessica Bruske and Jason Ellis. *See* ECF No. 76 at PageID.1738–40. Each will be addressed in turn.

### 1.

Plaintiff first argues that Judge Morris "failed to address" *Defendant's* "undue delay" in scheduling these depositions, and criticizes Defendant for not providing any "justification—much less a legitimate one—for" proposing these witnesses be deposed in December 2024 and January 2025. ECF No. 76 at PageID.1738.

This objection repeats the same argument Plaintiff already raised and Judge Morris already rejected in denying Plaintiff's Motion to Compel. *Compare id. with* ECF No. 57 at PageID.1027 (arguing Defendant was delaying these depositions "without explanation"). Contrary to Plaintiff's objection, Judge Morris addressed the discovery delay, but concluded it was "cause[d]" by *Plaintiff's Counsel's* "last minute cancellation[s.]" ECF No. 74 at PageID.1667. In contrast, Judge Morris concluded Defense Counsel were "trying quite hard to . . . get things scheduled" and have "proactively" worked with Plaintiff to narrow and complete discovery. *Id.* at PageID.1676–67. Based on this Court's independent review of the record, this decision was not clearly erroneous. So Plaintiff's first objection will be overruled.

**2.**

Plaintiff's second objection regarding her denied Motion to Compel is reproduced in full

as follows:

> By denying Plaintiff's motion to compel and not extending discovery as Plaintiff
> requested due to the undue and unexplained delay, [Judge Morris] effectively
> permitted Defendant to dictate the timing of depositions without accountability,
> depriving Plaintiff of a fair opportunity to litigate her claims. Without the ability to
> follow up on the depositions of Ms. Bruske and Mr. Ellis, Plaintiff is unable to
> gather critical evidence, thereby undermining the integrity of the discovery process
> and Plaintiff's ability to fully present her case. This was exemplified by the fact
> that . . . Defendant took more than a month to provide the one interrogatory the
> Magistrate Judge ordered it to answer, which contains ostensibly false information
> by omission because it is missing people who worked with Plaintiff and has no
> dates whatsoever to enable Plaintiff to verify the information provided. Given prior
> depositions in this matter, it is unlikely that Ms. Bruske and Mr. Ellis are going to
> be allowed to provide complete information related to the people who are on the
> list of individuals provided by Plaintiff. [Judge Morris's] ruling prevents Plaintiff
> from ever obtaining any information that may arise from their deposition testimony.
> Defendant further unilaterally chose to put Ms. Bruske – who is arguably one of
> the most knowledgeable witnesses besides Plaintiff – last, and the Magistrate Judge
> permitted it to do so. This ruling violates Plaintiff's right to conduct discovery in
> the manner of her choosing. There is no legal authority for allowing Defendant to
> choose the order of its own witnesses, particularly where the federal rules explicitly
> disallow sequencing of discovery in [Civil Rule 26].

ECF No. 76 at PageID.1739–40.

This omnibus objection will be overruled. Despite its length, Plaintiff does not challenge

any specific aspect of Judge Morris's decision as clearly erroneous or contrary to law. Instead, it

broadly speculates about how the order as a whole will prejudice Plaintiff throughout further

discovery, in light of other, unrelated, discovery disputes. This lack of specificity is fatal. *See, e.g.*,

*Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (noting that a

"general objection" to a Magistrate's order "has the same effect[] as . . . a failure to object" because

the "district court's attention is not focused on any specific issues for review, thereby making the

initial reference to the magistrate judge useless"); *Lintech Glob., Inc. v. CAN Softtech, Inc.*, No.

2:19-CV-11600, 2023 WL 7063896, at *2 (E.D. Mich. Oct. 26, 2023) (noting objections that do "nothing more than disagree with a magistrate judge's determination" are invalid).

Although overruled, it is worth highlighting that this objection significantly mischaracterizes the record and lacks crucial context. For example, Plaintiff suggests Defendant previously provided "false information by omission because," in Plaintiff's view, Defendant's production of logistic technician information responsive to this Court's September Order was "missing people who worked with Plaintiff and ha[d] no dates whatsoever." ECF No. 76 at PageID.1739–40. But Plaintiff's suggestion that this production is incomplete is entirely unsubstantiated and stems from her own Counsel's alleged breach of a confidentiality order. *See supra* Section I.C, n. 2. And, as explained above, to the extent Plaintiff argues Defendant did not produce "dates" of each technician's employment, Judge Morris already held that the September Order did not require Defendant to produce such dates. *See supra* Section I.C. (citing ECF No. 74 at PageID.1640, 1643). Moreover, Plaintiff's suggestion that Defendant is somehow "dictat[ing]" the order of depositions is disingenuous. True, according to one of Defendant's proposed schedules, Ellis and Bruske would be deposed after Hasimu, Baker, McGee, and Maiers. *See* ECF No. 62-25 at PageID.1272. But Defense Counsel never demanded these two witnesses be deposed last. To the contrary, Plaintiff's Counsel demanded that they be deposed first. ECF No. 62-25 at PageID.1272. Defendant never dictated this order; it just reiterated that the order was based on each deponent's individual availability. ECF No. 62-26 at PageID.1286.

In sum, Plaintiff's first two objections will be overruled. One is invalidly overbroad and neither shows that Judge Morris's decision to deny Plaintiff's Motion to Compel was clearly erroneous or contrary to law.[3]

## B. Objections to Awarding Defendant Costs

Plaintiff's second set of objections relates to her first. Recall that, when Judge Morris denied Plaintiff's Motion to Compel depositions, she granted Defendant's request for sanctions in the form of its reasonably incurred costs in opposing Plaintiff's motion under Civil Rule 37. Plaintiff objects to this decision, too.

### 1.

Plaintiff first objects that "[t]he imposition of sanctions . . . is unwarranted" because she "and her counsel . . .acted in good faith" throughout discovery whereas, echoing earlier arguments, Defense Counsel "refused to cooperate" and unduly delayed discovery. ECF No. 76 at PageID.1749. This objection will be overruled.

Because Judge Morris did not clearly err in denying Plaintiff's Motion to Compel, Defendant is entitled to reasonably incurred costs unless Plaintiff's Motion to Compel was "substantially justified" or imposing costs would be "unjust." FED. R. CIV. P. 37(a)(5)(B). But "substantially justified," in this context, does not mean "justified to a high degree." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Instead, a motion is "substantially justified" if "reasonable people could differ" as to its propriety. *Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005); *see also Eagle v. Hurley Med. Ctr.*, 292 F.R.D. 466, 481 (E.D. Mich. 2013)

---

[3] Notably, although not mentioned in Plaintiff's pleadings, Plaintiff's Motion to Compel was moot by the time Judge Morris denied it. As explained, at the November 2024 motion hearing, Plaintiff conceded that the depositions had been scheduled such that the "only issue [was] costs for having to file the motion." ECF No. 74 at PageID.1661. Judge Morris's decision to deny Plaintiff's Motion to Compel cannot be clearly erroneous when there was nothing left for this Court to compel.

("Substantially justified means justified to a degree that could satisfy a reasonable person."). No reasonable person could conclude that Plaintiff's motion to compel was justified. Indeed, Plaintiff's Motion was disingenuous, unreasonable, and unsupported by the undisputed record.

Ironically, Plaintiff continues to criticize Defense Counsel for needlessly delaying discovery without explanation. ECF No. 76 at PageID.1738. But the record—including 500 pages of emails between Counsel discussing deposition scheduling, *see* ECF No. 62—reveals the exact opposite. As Judge Morris correctly concluded, the discovery delay in this case was attributable to Plaintiff's Counsel, who repeatedly cancelled depositions at the last minute and modified their own discovery requests on a swivel, often without explanation. The Parties initially scheduled Jason Ellis's deposition for August 21, 2024. *See* ECF No. 62-7 at PageID.1114. But *Plaintiff's Counsel* cancelled at the last minute. ECF No. 62-8 at PageID.1121. And Plaintiff's Counsel never explained why they needed to reschedule. *See id.* Yet Defense Counsel accommodated and suggested new dates in mid-November. ECF No. 62-10 at PageID.1127. But those dates did not work for *Plaintiff's Counsel*, who were "out of town" at the time. ECF No. 62-17 at PageID.1165. So Defense Counsel proposed dates in December 2024, to depose both Ellis and newly noticed Bruske. ECF No. 62-24 at PageID.1260. But those dates did not work for *Plaintiff's Counsel* who, for reasons unexplained and unknown, demanded that Ellis and Bruske be deposed before any other proposed witness. *See* ECF No. 62-25 at PageID.1272.

Contrary to Plaintiff's characterization, the record reflects nothing but Defense Counsel's earnest and good-faith efforts to narrow and complete discovery. Indeed, to the extent the Parties' and proposed deponents' schedules prevented prompt depositions, Defense Counsel repeatedly agreed to adjourn the discovery deadline to avoid any prejudice to Plaintiff. *See, e.g.*, ECF No. 62-7 at PageID.1115–16 (stipulating to adjourn discovery to accommodate August 2024 depositions);

No. 62-2 at PageID.1075 ("We will agree to [a] 2-month extension of the discovery deadline [which] would allow for a month of follow-up discovery if needed.") But *Plaintiff's Counsel* rejected those accommodations, *see* ECF No. 62-17 at PageID.1165 (noting Defendant's proposed stipulation—necessitated by Plaintiff's need to reschedule—was "not" reasonable because "the dates take [] us into the holidays"), and filed an unnecessary Motion to Compel.

At bottom, Plaintiff's Motion to Compel was not substantially justified. Nothing in the record, nor Plaintiff's objection, suggests that Judge Morris's decision to award Defendant its reasonably incurred costs was clearly erroneous or contrary to law.

### 2.

Plaintiff also objects—without any explanation—that Judge Morris's decision to award sanctions "[e]ncourages [d]iscovery [a]buse" and "incentivizes gamesmanship." ECF No. 76 at PageID.1745–50 (emphasis omitted). In Plaintiff's view, Judge Morris erred in awarding sanctions before requiring Defense Counsel to "explain why it could not find a new date in 120 days for key witnesses"—presumably Mr. Ellis and Ms. Bruske. *Id.*

But Judge Morris did not clearly err by not soliciting this explanation. The record—as available to Judge Morris at the time of the November 2024 motion hearing—reflected that Defense Counsel repeatedly explained to Plaintiff's Counsel that Mr. Ellis's and Ms. Bruske's schedules prevented them from being deposed sooner. *See* ECF Nos. 62-21 at PageID.1228–29; 62-26 at PageID.1291–96; 62-36 at PageID.1452, 1456. Because Judge Morris did not clearly err in imposing sanctions, Plaintiff's objection will be overruled.

### 3.

Separately, Plaintiff's Counsel seemingly objects that Judge Morris's decision to sanction Plaintiff is the latest of a string of rulings that "has seemed bias." ECF No. 76 at PageID.1750

(alleging Plaintiff's Counsel "know[s] in advance that Plaintiff has little chance of receiving . . . requested relief"). This objection will be overruled as invalid because it does not identify any error within Judge Morris's analysis or conclusions. *See Zlatkin v. Twp. of Butman*, No. 1:23-CV-12693, 2024 WL 3520799, at *8 (E.D. Mich. July 24, 2024).

However, this Court notes that Plaintiff's Counsel provides no evidence to support such a serious accusation. Indeed, Plaintiff's Counsel does not even attempt to explain the perceived "bias." *See* ECF No. 76 at PageID.1749–50. Without such explanation, it appears Plaintiff's Counsel contends that Judge Morris is biased simply because she has denied Plaintiff's pretrial discovery motions.  But (1) Judge Morris has granted Plaintiff's motions when warranted on the merits, *see* ECF Nos. 20; 55; and (2) such intra-judicial conduct is generally insufficient to show bias and warrant recusal. *See United States v. Andrews*, No. 1:22-CR-20114-2, 2023 WL 6786201, at *3 (E.D. Mich. Oct. 13, 2023) (citing *Liteky v. United States*, 510 U.S. 540, 551 (1994) and explaining that a judge's intra-judicial conduct warrants recusal *only* if such conduct "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible"); *see also* 28 U.S.C. § 455(a) (requiring recusal "in any proceeding in which [a magistrate's] impartiality might reasonably be questioned"); *id.* § 455(b)(1) (requiring recusal when a magistrate has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"). And Judge Morris's purported bias—which the record in no way supports—would only impact these proceedings if the undersigned were to refer additional motions under Civil Rule 72. This Court does not intend to do so. Indeed, discovery has closed, *see* ECF No. 80, and Defendant has filed its Motion for Summary Judgment, ECF No. 125.

In sum, nothing in the record suggests that Judge Morris clearly erred in awarding Defendant its reasonably incurred costs in opposing Plaintiff's unnecessary Motion to Compel. So

Plaintiff's objections to the contrary will be overruled, Plaintiff will be directed to pay such costs, and her Motion to Stay payment pending the resolution of these now-overruled objections, ECF No. 84, will be denied as moot.

### C.   Objections to the Denial of Plaintiff's Motion for Sanctions

But Plaintiff's objections persist. Recall that, in its September Order, Judge Morris directed Defendant to produce a list of all logistics technicians who worked in the same buildings as Plaintiff beginning six months before her employment through six months after her termination. *See* ECF No. 55. Defendant was specifically directed to produce each technician's race, gender, and formal disciplinary history. *Id.* If applicable, Defendant was also directed to produce the reasons for each technician's termination and the "formal or informal complaints" each technician made alleging Defendant's "race or gender discrimination." *Id.* And recall that Plaintiff filed a Motion for Sanctions in October 2024 alleging Defendant violated this order by (1) failing to timely produce all required information and (2) not providing the dates of each technician's employment with Dow. *See* ECF Nos. 60; 74 at PageID.1641. And lastly recall Judge Morris denied this motion because (1) Defendant had already produced all applicable information other than each technician's disciplinary history, and was working to quickly produce this information in good faith, ECF No. 74 at PageID.1644–45, and (2) the September Order did not require Defendant's production of each technician's dates of employment. *Id.* at PageID.1641–43.

Plaintiff broadly objects to this decision, but her objection is largely unclear. Most of the six pages dedicated to this broad objection do not discuss the November 2024 Order whatsoever, let alone specifically. *See* ECF No. 76 at PageID.1740–47. Liberally construed, Plaintiff raises two specific arguments.

First, Plaintiff repeats her argument that Judge Morris already rejected: that Defendant's production "omitted key information including termination dates." As Judge Morris correctly concluded, the September Order did not require Defendant to produce the dates of each technician's employment or termination. *See* ECF No. 55 at PageID.944–45. It instead required Defendant to produce, among other information, the *reason* for each technician's termination, *see id.*, and Defendant provided such information. *See* ECF No. 74 at PageID.1645.

Plaintiff then pivots and argues—again—that technicians are "still missing from this sheet" such that Defendant's production is incomplete. ECF No. 76 at PageID.1741. As explained above, this argument stems from Plaintiff's Counsel's purported breach of a confidentiality agreement by sharing Defendant's production in this case with non-party current and former Dow employees. *See supra* Section I.C., n.2 (noting this purported breach will be addressed in a separate Opinion); ECF No. 69 at PageID.1624. And, regardless of the purported breach, Plaintiff's Counsel has not explained how—let alone shown—that Defendant's production is incomplete. They simply say it is. ECF No. 76 at PageID.1741 ("[I]t is plain to Plaintiff . . . that individuals are still missing from the sheet."). This is insufficient to show Judge Morris erred, let alone clearly so.

Accordingly, Plaintiff's objections concerning Judge Morris's decision to deny Plaintiff's Motion for Sanctions will be overruled.

### D. Objection Regarding Discovery Extension

Lastly, Plaintiff objects that Judge Morris's November Order "did not mention anything regarding Plaintiff's request to extend discovery[.]" ECF No. 76 at PageID.1747–78. But, less than two weeks later, the Court adjourned the discovery cutoff to February 3, 2025. ECF No. 80. So Plaintiff's final objection, even if valid, is moot. *See* ECF No. 82 at PageID.1790.

In sum, all of Plaintiff's Objections will be overruled. Judge Morris did not clearly err in (1) denying Plaintiff's Motion to Compel, ECF No. 57; (2) awarding Defendant its reasonably incurred costs under Civil Rule 37(a)(5)(A), ECF No. 62; nor (3) denying Plaintiff's Motion for Sanctions, ECF No. 60. Accordingly, the November Order, ECF No. 71, will be adopted in full, and Plaintiff's Motion to Stay payment pending the resolution of her objections, ECF No. 84, will be denied as moot.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 76, are **OVERRULED.**

Further, it is **ORDERED** that Magistrate Judge Patricia T. Morris's November 7, 2024 Discovery Order, ECF No. 71; *see also* ECF No. 74, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Motion to Stay the Enforcement of Sanctions, ECF No. 84, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff and/or Plaintiff's Counsel is **DIRECTED TO PAY** Defendant **$8,983.50**, representing Defendant's reasonably incurred costs in opposing Plaintiff's frivolous and unnecessary motion to compel, ECF No. 57, on or before May 16, 2025. *See* FED. R. CIV. P. 37 (a)(5)(B).

**This is not a final order and does not close the above-captioned case.**

Dated: May 1, 2025                                   s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge