UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUSHMA JONES,

        Plaintiff,                       Case No. 1:23-cv-11814

v.                                          Honorable Thomas L. Ludington
                                            United States District Judge

THE DOW CHEMICAL COMPANY,

                                            Honorable Patricia T. Morris
        Defendant.                 United States Magistrate Judge
_____/

**OPINION AND ORDER ADDRESSING CIVIL CONTEMPT PROCEDURE AND DIRECTING SUPPLEMENTAL BRIEFING**

        In November 2024, in a public pleading, Plaintiff Sushma Jones revealed that her attorneys disclosed designated confidential information to "various" other non-party clients, all of whom are current or former employees of Defendant Dow Chemical Company. But the Parties' Stipulated Confidentiality Order seemingly prohibited such disclosure. So, on November 21, 2024, Defendant filed a motion for Plaintiff to show cause why her Counsel should not be held in civil contempt. In December 2024, consistent with the Magistrates Act, Magistrate Judge Patricia T. Morris issued a report certifying facts for the resolution of Defendant's Motion and recommending that Plaintiff's Counsel be held in civil contempt for breaching the Confidentiality Order.

        Plaintiff objected and, separately, sought reconsideration. But, as explained below, the Magistrates Act requires this Court to, at the very least, allow the Parties to present additional evidence supporting or contesting the recommended contempt finding before making a *de novo* determination. So this Court will direct the Parties to proffer evidence through supplemental briefing. If Plaintiff's position is sufficiently substantiated, this Court will schedule a civil contempt evidentiary hearing. If not, this Court will issue a separate Opinion & Order resolving

the alleged civil contempt on the merits.

## I.

In January 2022, Defendant Dow Chemical Company hired Plaintiff Sushma Jones—a Black woman—to work as a Logistics Technician at Defendant's plant in Midland, Michigan. ECF No. 1 at PageID.2. Plaintiff resigned less than eight months later. *See* ECF No. 29-1 at PageID.473–74. In those eight months, Plaintiff alleges Defendant discriminated and retaliated against her on the basis of both her race and gender, in violation of federal and state law. *See generally* ECF No. 1. Specifically, Plaintiff alleges that, in March 2022, she was wrongfully accused of causing a chemical spill and, as a result, her supervisors and coworkers bullied and harassed her. *Id*. at PageID.2. According to Plaintiff, when she complained about this alleged hostility to her supervisors, they "moved" her to "different, less desirable shift[s]" in "less-favorable" locations. *Id*. at PageID.3–4.

Plaintiff filed her Complaint in July 2023. ECF No. 1. Discovery disputes have dominated the docket ever since. *See, e.g.*, *Jones v. Dow Chem. Co.*, No. 1:23-CV-11814, 2024 WL 5004323 (E.D. Mich. Dec. 6, 2024); *Jones v. Dow Chem. Co.*, No. 1:23-CV-11814, 2025 WL 85734, at *1 (E.D. Mich. Jan. 13, 2025). This Opinion clarifies one such dispute: Plaintiff's Counsels' purported breach of a stipulated confidentiality order.

## A.

On December 1, 2023, the Parties filed a stipulated confidentiality order (the "CO") in accordance with Civil Rule 26(c). ECF No. 11. Under its terms, either Party could designate documents produced throughout discovery as "confidential" if they contained any "sensitive business or personal information including, but not limited to, employment or personnel files, information related to internal investigations, [] personal information regarding current or former

employees," proprietary information, or trade secrets. *Id.* at PageID.61. The CO provided that any designated "Confidential Information" could only be used "for the preparation, trial, and appeal of" the above-captioned case, and could not be used for "any other purpose, including, but not limited to, the preparation or trial of any other action involving these or other parties." *Id.* (emphasis added). And even when used for this permitted purpose, the CO provided that the Parties could only disclose Confidential Information to the following individuals:

1. The "Parties," defined as Plaintiff Jones, Defendant Dow, and "Dow's respective parents, affiliates, officers, director[s], shareholders, representatives, agents, heirs, successors and assigns;"
2. Counsel;
3. Consultants, investigators, and experts "retained or consulted by the Parties or [C]ounsel [to] assist in the preparation, trial, and appeal" of this case;
4. Witnesses, but only "at, or in preparation for, their deposition or trial, in which event such witnesses shall only be shown the Confidential Order and shall not be allowed to retain copies;"
5. Judicial Officers and Court Personnel; and
6. Court Reporters and Recorders.

*Id.* at PageID.62. And if Counsel disclosed confidential information to consultants, investigators, experts, or witnesses, Counsel was required to inform these individuals that the information was confidential and should not be shared. *Id.* at PageID.62–63.

Like all confidentiality orders issued under Civil Rule 26(c), the CO aimed to "protect" both the Parties and nonparties from "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(C); *see also* Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 HARV. L. REV. 427, 484 (1991) (adding that, absent confidentiality orders, "greater incentives would exist" for parties to "exploit[] discovery [by] seeking a competitive advantage [or] acquiring information for use in collateral proceedings").

Fast-forward to September 16, 2024. That day, this Court granted in part Plaintiff's motion to compel, ECF No. 38, and directed Defendant to produce the following:

> [I]nformation regarding any people who worked as logistics technicians during 6 months prior to Plaintiff's employment and 6 months after. Those technicians will include only individuals who worked in the same two buildings that Plaintiff worked in during her less than one year tenure. The information will include the individual's race and gender, whether any formal disciplinary action was taken against each of them and how their employment was terminated if it was terminated. In addition, Defendant will include information as to any formal or informal complaints raised by those individuals as to race or gender discrimination.

ECF No. 55 at PageID.944–45 (the "September Order"). By the end of October 2024, Defendant identified 134 logistics technicians responsive to this Court's September Order, ECF No. 68-2 at PageID.1590, and produced each technician's information to Plaintiff's Counsel. *See* ECF No. 74 at PageID.1645. Consistent with the CO, Defendant deemed and labeled this production "**CONFIDENTIAL**." *See* ECF No. 75 at PageID.1679 (emphasis in original).

Plaintiff did not dispute that the information Defendant produced in response to the September Order was confidential. *See* ECF No. 11 at PageID.64 (directing Counsel to file a motion if they disagreed with opposing Counsel's confidentiality designation). But Plaintiff felt Defendant's production was untimely and incomplete, so she filed a motion for sanctions. ECF No. 60. That motion was denied, and is largely irrelevant to this Opinion. *See* ECF No. 71. But, in the joint list of unresolved issues the Parties filed in advance of a November 7, 2024 hearing on that motion, Plaintiff admitted that the confidential production was shared with, and reviewed by, "***Plaintiff's counsel's various clients who are and were employees at Dow***[.]" ECF No. 69 at PageID.1623 (emphasis added).

Magistrate Judge Patricia T. Morris discussed this admitted disclosure at the November 7, 2024 hearing on Plaintiff's Motion for Sanctions. Importantly, Plaintiff is represented by two affiliated attorneys: Carla Aikens and Rejanae Thurman. ECF Nos. 1; 17. Only Ms. Thurman attended the November 7, 2024 hearing. *See* ECF No. 74 at PageID.1637. After discussing the underlying motion for sanctions, Judge Morris addressed the confidentiality issue:

**Judge Morris:** Ms. Thurman, as to the violation of the confidentiality order, what do you have to say about that?

**Defense Counsel**: [W]e don't believe that there was a breach. We did not use this to go and find other plaintiffs or individuals that we could bring claims for. We didn't use it in a different case. It was –

**Judge Morris:** [Y]ou've said that you shared this list, which was marked confidential, with other clients who are employees of Dow. I mean, are you saying that . . . that was not true, or is what you're saying in court not true?

**Defense Counsel:** No, what I'm saying is it wasn't used for their cases[.]

**Judge Morris:** It doesn't matter. It's confidential . . .

**Defense Counsel:** [T]o my knowledge, the confidentiality order says that if it's going to be shared or disclosed with other witnesses or experts or consultants, that they just have to agree to the confidentiality.

**Judge Morris**: About this case.

**Defense Counsel Thurman**: Correct.

**Judge Morris**: Not about other cases.

**Defense Counsel Thurman**: It was not used in other cases.

**Judge Morris**: Those other people are not part of this case.

**Defense Counsel Thurman**: . . . I'm not sure that I'm understanding what you're saying because it wasn't used for their case. We didn't say, hey, let's take this and used it for their case.

**Judge Morris**: Okay. So we'll say—so their case. So you have other cases?

**Defense Counsel Thurman**: There are other cases.

**Judge Morris**: And you're taking the list from this case and showing it to people in other cases?

**Defense Counsel Thurman**: We verified information of the individuals who were on the list.

**Judge Morris**: Okay. You're trying to split hairs here. Did you show other clients the list? Because that's what your statement says in the joint [l]ist.

>**Defense Counsel Thurman**: To my knowledge –
>
>**Judge Morris**: You're using a lot of hedging language.
>
>**Defense Counsel Thurman**: To my knowledge, because this –
>
>**Judge Morris**: It's a yes or a no.

ECF No. 74 at PageID.1648–50. At this point, Ms. Thurman deflected to her co-counsel, Ms. Aikens, who was not present at the hearing:

>**Defense Counsel Thurman**: It wasn't me. Personally, I did not disclose this to anyone, so I'm trying to give you the best information.
>
>**Judge Morris**: But you're—you said you did.
>
>**Defense Counsel Thurman**: No, *Carla [Aikens] said she did*, so –
>
>**Judge Morris**: Well, you're one and the same. You don't get to play that game.
>
>**Defense Counsel Thurman**: Okay. So all right. And I don't want to. I'm just letting you know, to my knowledge . . . how the situation occurred[.]
>
>**Judge Morris**: Plaintiff's counsel is plaintiff's counsel, and that's both you and Ms. Aikens[.] So either you or Ms. Aikens showed a confidential document in this case to people involved in other cases. That's just a flat out breach of the confidentiality requirement. That's the whole point of a confidentiality requirement, is that that information is only allowed to be used and utilized in any way, whether it's shown, you know, checked, whatever – whatever you're doing with it, you can only use it in this case. You cannot use it in other cases. That's what confidentiality is all about.
>
>**Defense Counsel Thurman**: To my knowledge, how the situation occurred is we received the list, Carla was on the phone with a potential client and was claiming that they had worked for Dow. She had just gotten the list and she asked them to confirm their information[.]
>
>**Judge Morris**: Confirm what information?
>
>**Defense Counsel Thurman**: The date—well, the dates that they were there, the information that's on the list.
>
>**Judge Morris**: Wow. Okay. That's—I mean, I'm sorry. That's just an admission that you breached the confidentiality.
>
>**Defense Counsel Thurman**: They never saw the list. She just asked them to

- 6 -

> confirm whether or not they made any complaints[.]
>
> **Judge Morris**: Right. But asking them to confirm a list that was provided to you by Dow in this case, when it's . . . clearly marked confidential, and everybody knows what confidential means, or should know what it means, or you shouldn't be practicing, you know—I mean, you're—that's just on its face an admission to violating the confidentiality order.

*Id.* at PageID.1650–52 (emphasis added). At no point during this hearing did Plaintiff's Counsel adequately explain the circumstances of their admitted confidential disclosure, nor did Plaintiff's Counsel specifically identify the individuals Ms. Aikens disclosed the confidential information to. *See generally id.* Later in the hearing, Judge Morris noted this issue had not been briefed and accordingly suggested that Defendant file a motion so both Parties would have an adequate opportunity to be heard. *Id.* at PageID.1658–59 ("I do feel that we could resolve [the issue] today, but I also never want to deny someone the ability to tell me more.")

Defendant filed its motion on November 21, 2024, and requested that Plaintiff's Counsel be held in civil contempt for breaching the CO. ECF No. 75. Plaintiff responded to Defendant's Motion on December 4, 2024. ECF No. 81. Again, Plaintiff's Counsel—the only individuals who would know the circumstances of the admitted disclosure and the identities of the Dow-employee recipients—did not explain the disclosures nor provide any evidence contradicting their alleged breach of the CO. *See generally id.* Instead, Plaintiff's Counsel argued that (1) the confidential information was disclosed for a permissible purpose: to "verify the accuracy" of Defendant's production in this case; and (2) the confidential information was disclosed to permissible parties: Dow employees and witnesses. ECF No. 81.

### B.

The undersigned referred Defendant's Motion to Show Cause to Judge Morris in accordance with Civil Rule 72 and the Magistrates Act, 28 U.S.C. § 636. ECF No. 78. On

- 7 -

December 26, 2024, Judge Morris issued a report (R&R) certifying the following six facts relevant to the resolution of Defendant's Motion:

1. In the joint list of unresolved issues, Plaintiff's counsel stated:

    Further, after review of the list with Plaintiff's counsel's various clients who are and were employees at Dow, it is clear that the list is not accurate as to who worked with Plaintiff, in what time frame, and the buildings indicated as being areas where other people worked, in addition to the list missing people.

    The referenced list was sent in response to Plaintiff's Interrogatory #10 and was marked "Confidential" per the stipulated Confidentiality Order entered in this case on December 1, 2023.

2. The Confidentiality Order provides:

    Confidential information produced in this litigation will be used solely for the preparation, trial, and appeal of this action (including any action to enforce or set aside an award entered herein), and shall not be used for any other purpose, including, but not limited to, the preparation or trial of any other action involving these or other parties.

3. The Confidentiality Order states that the confidential material may only be shown to the parties to the action; counsel; consultants, investigators, and experts; judicial officers and court personnel; court reporters and recorders; and witnesses under certain circumstances. Witnesses may only be shown confidential material "at, or in preparation for, their deposition or trial, in which event such witnesses shall only be shown the Confidential information and shall not be allowed to retain copies."

4. During the November 7, 2024 hearing, when asked whether she showed the confidential list to other clients, Plaintiff's counsel first stated that "[w]e verified information of the individuals who were on the list." She then stated, "[i]t wasn't me. Personally, I did not disclose this to anyone." Eventually, she responded that her co-counsel "said she did" show the list to other clients. After the Undersigned indicated that Plaintiff's co-counsel are "one and the same" Plaintiff's counsel changed course and stated that "[t]hey never saw the list. She just asked them to confirm whether or not they made any complaints."

5. During the hearing, Plaintiff's counsel also said that while her firm is representing plaintiffs in similar cases against Defendant, the confidential information "was not used for their cases." And that she believed that if "they're witnesses in this case then they just have to . . . agree to the confidentiality."

> 6. In her response to the instant motion, Plaintiff's counsel stated that "several of these individuals" who were shown the list were individuals defense counsel intended to depose. Plaintiff's counsel did not indicate whether any of these potential depositions were actually noticed or scheduled.

ECF No. 85 at PageID.1895–96 (internal record citations omitted).

Applying these facts, Judge Morris first concluded that the CO was unambiguous. *Id.* at PageID.1897. Second, Judge Morris concluded Plaintiff's Counsel breached the CO because Plaintiff admitted to disclosing confidential information to *current and former* Dow employees. *Id.* On this point, Judge Morris reasoned that although current Dow employees are classified as "Parties" under the CO and thus allowed to receive confidential information so long as the disclosure is limited to this case, ECF No. 11 at PageID.62, Plaintiff admitted that at least some of the individuals who "reviewed" the confidential information were former employees. ECF No. 69 at PageID.1623. But this disclosure is prohibited by the CO *unless* (1) each former Dow employee was a "witness" in this case, (2) each disclosure was made to prepare the witness for their deposition or trial, and (3) Plaintiff's Counsel advised each witness that the disclosed information was confidential. ECF No. 11 at PageID.62–63.

Judge Morris also rejected Plaintiffs' arguments to the contrary. For example, Plaintiff said—without showing—that her Counsel had scheduled the depositions of "several of" the former Dow employees to whom Ms. Aikens disclosed the confidential information. ECF No. 81 at PageID.1768. So, Judge Morris reasoned, at least some of these former employees "are [not] even potential witnesses" in this case. ECF No. 85 at PageID.1897. And even if they were, Judge Morris explained, "Plaintiff's [C]ounsel [did] not [even] attempt to argue that" they disclosed the confidential information with these former employees to prepare them for deposition or trial. *Id.* Rather—by Plaintiff's Counsel's own admission on the record during the November 7, 2024

- 9 -

hearing and continued characterization throughout pleadings—the disclosure occurred for a different purpose: to verify the accuracy of information produced through discovery. *See* ECF Nos. 74 at PageID.1650–51 ("We verified information of the individuals who were on the list."); 81 at PageID.1766 ("Plaintiff's counsel . . . sought to verify the accuracy of the information provided by the Defendant.").

The same day Judge Morris issued her R&R, Plaintiff filed a one-page motion for reconsideration,[1] which largely repeated the arguments she and her attorneys already asserted in response to Defendant's motion. *Compare* ECF No. 86 *with* ECF No. 81. And, on January 9, 2025, Plaintiff filed three objections to the R&R. ECF No. 88. But these pleadings are somewhat imprecise, as explained below.

---

[1] If this Court analyzed Plaintiff's Motion for Reconsideration on the merits, it would fail. Motions to reconsider non-final orders are generally "disfavored" and will only be granted if (A) the court made a mistake, (B) an intervening change in controlling law warrants a different outcome, or (C) new facts—which were not known and could not have been reasonably discovered at the time of the initial decision—warrant a different outcome. E.D. Mich. Local Rule 7.1(h)(2); *see also Fischer v. United States*, 589 F. Supp. 3d 726, 728 (E.D. Mich. 2022). Plaintiff does not present new facts or new law. *See generally* ECF No. 86. Instead, Plaintiff seemingly suggests Judge Morris made a "mistake" because she did not consider that the CO allowed Parties to disclose confidential information to Dow employees. *Id.* at PageID.1901 (arguing this "was not addressed in the order). True, the CO allowed Parties to disclose confidential information to Dow employees, so long as the disclosure was used solely in this case. But Plaintiff herself *admitted* that her attorney—Ms. Aikens—disclosed the confidential information to her clients, some of whom "are" Dow employees, others of whom "were" Dow employees. ECF No. 69 at PageID.1623. While the former disclosure may accord with the CO, the latter plainly does not. *See* ECF No. 11 at PageID.62 (limiting disclosure to current Dow employees). Plaintiff then argues, again, that the former employees were "witnesses" in this case, so the disclosure did not breach the CO. ECF No. 86 at PageID.1901. But Plaintiff already raised this argument in response to Defendant's Motion. *Compare id. with* ECF No. 81 at PageID.1768. "A motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled." *Fischer v. United States*, 589 F. Supp. 3d 726, 728 (E.D. Mich. 2022). Because Plaintiff has not shown a mistake warranting a different outcome, her Motion for Reconsideration—even if construed as such—would be denied.

## II.

Civil contempt is a complex business, especially when magistrate judges are in the mix. Indeed, "[c]ontempt proceedings implicate the authority, the discretion, and the dignity of Article III courts." *Bingman v. Ward*, 100 F.3d 653, 658 (9th Cir. 1996). So, in passing the Magistrates Act in 1976, "Congress specifically withheld from magistrate judges jurisdiction over contempt proceedings." *Bennett v. Gen. Caster Serv. of N. Gordon Co.*, 976 F.2d 995, 998, n. 7 (6th Cir. 1992); *see also Bingman*, 100 F.3d at 658 ("Congress has carefully avoided conferring that power upon magistrate judges").

Where, as here, the parties have not consented to a full magistrate referral, *see* 28 U.S.C. § 636(c), a magistrate judge may only "certify the facts" relevant to a civil contempt determination for the district court's review. *Id.* § 636(e). "The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.* But what, specifically, must a district judge do to sufficiently "hear the evidence" as required in § 636(e)? And are objections, otherwise applicable to orders referred under §§ 636(a) and (b), applicable to certified facts to support a civil contempt recommendation? Few federal courts have thoroughly considered this procedure.

In *Proctor v. State Government of North Carolina*, the Fourth Circuit distinguished this procedure from those ordinarily applicable to magistrate orders referred via § 636(b) and Civil Rule 72. 830 F.2d 514, 517 (4th Cir. 1987). Finding that "case law, the statutory language, and the legislative history of § 636(e) fail to provide any definitive guidance" on the details of this separate civil-contempt procedure, the Fourth Circuit turned to analogues in bankruptcy law. *Id.* at 519. Like contempt conduct committed before bankruptcy referees under 11 U.S.C. § 69(b), the Fourth

Circuit held that district courts faced with a magistrate's certified facts supporting civil contempt should "admit[] evidence from the parties either to challenge the accuracy of the facts certified by the magistrate or to establish the existence of other relevant facts and then determine[] whether, in light of all the evidence before it, a finding of contempt [is] warranted." *Id.* at 522. In other words, the Fourth Circuit held that the magistrate's certified facts establish a "prima facie case" of civil contempt. *Id.* at 521. So, "if there is nothing else appearing before the district court and the certified facts, if true, will support a violation, then the district court may . . . find a party in contempt." *Id.*

The Third Circuit went a few steps further five years later. In *Taberer v. Armstrong World Industries*, the Third Circuit held that § 636(e) "requires the district judge to conduct a *de novo* hearing" after receiving the magistrate's certified civil contempt facts. 954 F.2d 888, 904 (3rd Cir. 1992) (emphasis omitted). And the Third Circuit went on to explain that this "*de novo hearing*" under § 636(e) is different than a "*de novo determination*" applicable to objections to dispositive orders issued by magistrate judges, 28 U.S.C. § 636(b). *Id.* When making a de novo *determination*, the judge reviews the record before the magistrate but "owes no deference to the magistrate's findings." *Id.* But, when holding a *de novo hearing* as the Third Circuit interprets § 636(e) to require, the district court must conduct a "new proceeding at which the decision is based solely on the evidence freshly presented." *Id.* This distinction is not without difference in the Third Circuit, which has routinely reversed district court contempt orders issued without *de novo* hearings. *See id.* at 906; *Wallace v. Kmart Corp.*, 687 F.3d 86, 91 (3d Cir. 2012).

The Sixth Circuit has not yet decided whether—like *Taberer*—a district court must hold a de novo *hearing* after a magistrate judge certifies facts to support civil contempt under § 636(e) or whether—like *Proctor*—a district court may simply make a de novo *determination* after allowing the Parties to present evidence supporting or contesting the magistrate judge's certified facts. *See*

*NLFC, Inc. v. Devcom Mid-Am., Inc.*, No. 93 C 0609, 1994 WL 188478, at *6 (N.D. Ill. May 11, 1994) (noting "*Taberer* and *Proctor* . . . disagree in one important respect. *Taberer* clearly requires a *de novo* hearing before the district court judge and rejects a procedure[] of accepting the record before the magistrate judge and merely allowing the parties the opportunity to supplement that record. While *Proctor* appears to sanction that very procedure.").

Most district courts err on the side of caution and schedule a hearing, consistent with *Taberer. See, e.g.*, *Clarity Sports Int'l, LLC v. Redland Sports*, No. 2:20-MC-51484, 2021 WL 4949227, at *3 (E.D. Mich. Oct. 25, 2021); *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, No. 612CV00091GFVTHAI, 2023 WL 2672916, at *3 (E.D. Ky. Mar. 28, 2023); *Cricut, Inc. v. APA Tech. Co.*, 698 F. Supp. 3d 538, 542 (E.D.N.Y. 2023) (citing *Taberer* and noting district courts are "required to conduct a de novo hearing"); *Lakes v. Bath & Body Works, LLC*, No. 2:16-CV-02989 MCE AC, 2020 WL 4350243, at *3 (E.D. Cal. July 29, 2020) (same); *Frazier v. APM Fin. Sols., LLC*, No. 3:11CV1762(AWT), 2015 WL 8483237, at *2 (D. Conn. Dec. 9, 2015) (same); *Perez v. Guard Servs. Int., Inc.*, No. CV116MI0036CAPJSA, 2016 WL 11584783, at *3 (N.D. Ga. Dec. 22, 2016) (same); *Concepts NREC, LLC v. Qiu*, No. 5:20-CV-00133-GWC-KJD, 2024 WL 2137762, at *2 (D. Vt. Mar. 22, 2024), *report and recommendation adopted*, No. 5:20-CV-133, 2024 WL 2506407 (D. Vt. May 24, 2024); *Ganus v. Alabama & Gulf Coast R.R., LLC*, No. 1:23-CV-103-TFM-MU, 2024 WL 5379200, at *3 (S.D. Ala. Dec. 19, 2024); *Markos v. Big and Wild Outdoors LLC*, No. 8:22-CV-1258-KKM-AEP, 2023 WL 6842099, at *3 (M.D. Fla. Oct. 17, 2023); *Toxey v. United States*, No. 10 CIV. 3339 RJH KNF, 2011 WL 4057665, at *2 (S.D.N.Y. Aug. 25, 2011); *Orchestrate Hr, Inc. v. Trombetta*, No. 3:13-CV-2110-L, 2016 WL 3179967, at *4 (N.D. Tex. June 8, 2016); *Stream Companies, Inc. v. Windward Advert.*, No. 12-CV-4549, 2013 WL 3761281, at *14 (E.D. Pa. July 17, 2013).

But this case presents sound reasons to follow the procedure in *Proctor*, instead. The evidence supporting civil contempt is already in the record. Plaintiff admitted that her attorneys disclosed confidential information to current and former Dow employees. ECF No. 69 at PageID.1624. And at the November 7, 2024 hearing, Attorney Thurman elaborated in open court that her co-counsel, Attorney Aikens, called these current and former Dow employees and asked them to "confirm" whether the confidential information provided by Defendant was accurate. ECF No. 74 at PageID.1651–52. Without any additional evidence, these admissions suggest a clear breach of the confidentiality order because, as explained, even if all disclosures were limited to the above-captioned case and the disclosures to the *current* Dow employees were proper, the admitted disclosures to the *former* Dow employees were not, unless Plaintiff can establish that each former employee was (1) a proposed witness at the time of the disclosure, (2) the disclosure was intended to prepare each witness for their deposition or trial, and (3) Attorney Aikens told each witness that the disclosed information was confidential and should not be shared. *See* ECF No. 11 at PageID.61. Notably, Plaintiff's Counsel will have difficulty establishing the second requirement, given their prior admissions that the disclosures were instead intended to verify the accuracy of discovery. ECF Nos. 74 at PageID.1650–51; 81 at PageID.1766.

Not to mention, Plaintiff's Counsel has had several opportunities to explain the circumstances surrounding the admitted disclosures and proffer evidence that the disclosure to the former employees accorded with the CO. They could have done so in Court on November 7, 2024. They could have done so in response to Defendant's Motion. They could have done so in their objections or Motion for Reconsideration after Judge Morris issued her certified facts. But they have not done so. Indeed, this Court still does not know—because Plaintiff's Counsel has not identified—who, precisely, received the confidential information.

At this juncture, what good would a *Taberer* hearing do? Although this Court agrees with the Third Circuit that a magistrate judge's certified facts should not receive any deference on this Court's statutorily required *de novo* review of a civil contempt recommendation, the text of 28 U.S.C. § 636(e) does not require a "de novo *hearing*." It instead requires the district court to "*hear* the evidence as to the act or conduct complained of.*" 28 U.S.C. § 636(e)(6). This Court will do so, striking a middle ground between *Taberer* and *Proctor*.

This Court will direct the Parties to file supplemental briefing supporting their civil contempt positions. But Plaintiff is warned: this Court is directing her and her attorneys to present *evidence*—not *arguments*—that support Plaintiff's Counsel's contention that they did not breach the CO. At this juncture, on the record before this Court, there is no question of fact that Plaintiff's Counsel breached the CO. But, consistent with the Magistrates Act, this Court will afford Plaintiff's Counsel an additional opportunity to explain the disclosures with supporting evidence. If Plaintiff can produce evidence that raises such factual question about the propriety of her Counsel's admitted disclosure, this Court will schedule a civil-contempt hearing consistent with *Taberer*. If not, this Court will review the record as supplemented by the Parties and—consistent with *Proctor*—make a *de novo* determination addressing Plaintiff's Counsel's alleged civil contempt. Regardless of course and consistent with *Taberer*, this Court will exclude Judge Morris's certified facts from its review and will base its decision solely on the record presented by the Parties.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Show Cause concerning Plaintiff's alleged civil contempt, ECF No. 75, is **TAKEN UNDER ADVISEMENT.**

Further, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 85,

- 15 -

is **TAKEN UNDER ADVISEMENT.**

Further, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 86, and Objections, ECF No. 88, are **TAKEN UNDER ADVISEMENT.**

Further, it is **ORDERED** that the Parties are **DIRECTED** to file, **on or before May 14, 2025,** Supplemental Briefing—not to exceed 10 pages excluding attachments—evidencing their positions responsive to Defendant's Motion for Show Cause, ECF No. 75. Plaintiff's supplemental brief should, to the best of Plaintiff's ability, explain and evidence the following:[2]

---

[2] Plaintiff argues in her Motion for Reconsideration that "forcing" her attorneys to identify the individuals who received and reviewed the confidential information and provide other information about this disclosure "invades both the attorney-client and work product privileges." ECF No. 86 at PageID.1901. It invades neither.

"The attorney-client privilege protects the confidentiality of *communications* between attorney and client *made for purposes of obtaining legal advice.*" *Zen Design Grp. Ltd. v. Scholastic, Inc*., 327 F.R.D. 155, 159 (E.D. Mich. 2018) (emphasis added); *see also In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig*., 293 F.3d 289, 294 (6th Cir. 2002) ("The privilege . . . protects only those communications necessary to obtain legal advice."). For starters, the identity of the attorney who disclosed the confidential information, the identity of the individuals who received and reviewed the confidential information, the date of such disclosure, the form of such disclosure, and the contents of such disclosure are not "communications" protected by this privilege. More importantly, by Plaintiff's Counsel's own admission, the disclosures occurred to "verify the accuracy of the information provided by Defendant" in this case, not for the purposes of obtaining or providing legal advice. *See* ECF No. 88 at PageID.1911. And, even if this information was protected by attorney-client privilege, Plaintiff's Counsel waived this privilege by voluntarily placing parts of these conversations on the record in this case, noting that they led Plaintiff's Counsel to believe Defendant's discovery production was incomplete. *See Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners, L.P.,* 263 F.R.D. 478, 481 (E.D. Mich. 2009) ("The voluntary disclosure of privileged information by . . . an attorney acting on behalf of [a client] waives the privilege as to all communications involving the same subject matter."); *see also Ross v. City of Memphis*, 423 F.3d 596, 604 (6th Cir. 2005) (noting attorney-client privilege cannot be both a "sword and a shield" such that "the privilege may implicitly be waived when [a party] asserts a claim that in fairness requires examination of protected communications").

Relatedly, the work product doctrine "protects an attorney's trial preparation materials from discovery to preserve the adversarial process." *In re Professionals Direct Ins. Co*., 578 F.3d 432, 438 (6th Cir. 2009). "Fact work product consists of factual material while opinion work product consists of mental impressions, conclusions, opinions, or legal theories of an attorney." *West v. Lake State Ry. Co*., 321 F.R.D. 566, 570 (E.D. Mich. 2017). This Court is not requesting Plaintiff

    (1) Did Attorney Aikens, Attorney Thurman, or both disclose the confidential information?

    (2) On what specific dates did the confidential disclosure occur?

    (3) How was the confidential information disclosed?

    (4) What specific confidential information was disclosed?

    (5) Who specifically "reviewed" the confidential information? At the time of the disclosure, which of these individuals were current Dow employees? Which were former Dow employees?

If Plaintiff produces sufficient evidence that her Attorneys' admitted disclosure accorded with the Confidentiality Order, ECF No. 11, this Court will schedule a civil contempt hearing in a separate order. If not, this Court will issue a separate Opinion & Order addressing civil contempt on the merits.

Further, it is **ORDERED** that the Parties are **DIRECTED** to respond to supplemental briefs **on or before May 21**, 2025, and may file reply briefs—not to exceed five pages—by **May 28, 2025.**

**This is not a final order and does not close the above-captioned case.**

Dated: May 1, 2025            s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

---

or her Counsel to disclose any opinion work product. Although this Court requests Plaintiff to produce evidence regarding the underlying facts regarding the admitted disclosure, such fact evidence is not fact work product. "In order to be considered fact attorney work product, the attorney must have done something with the facts, e.g., edited film, summarized factual information, organized data, or created a chart or other demonstrative visual from the factual information. Without the attorney's handiwork, there is no attorney work product. This follows from the general principle that *underlying facts* or data *are not protected* from disclosure under any privilege." *Id.* (emphasis added); *see also Askew v. City of Memphis*, No. 14–cv–2080, 2015 WL 12030096, at *2 (W.D. Tenn. July 23, 2015) ("Factual information gathered during an attorney's investigation of an incident is discoverable, even if the information became known solely through the attorney's efforts.").