UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUSHMA JONES,

                Plaintiff,                Case No. 1:23-cv-11814

v.                                          Honorable Thomas L. Ludington
                                              United States District Judge

THE DOW CHEMICAL COMPANY,

                                             Honorable Patricia T. Morris
             Defendant.           United States Magistrate Judge

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING BILL OF COSTS ORDER, AND DIRECTING PLAINTIFF TO PAY DEFENDANT'S REASONABLY INCURRED COSTS**

Currently before this Court are Plaintiff Sushma Jones's objections to Magistrate Judge Patricia T. Morris's decision to grant Defendant Dow Chemical Company's Motion for Sanctions, which Plaintiff submitted in response to an order regarding Defendant's subsequent bill of costs. As explained below, both objections lack merit, the Bill of Costs Order will be adopted, and Plaintiff will be directed to pay Defendant its reasonably incurred costs.

I.

In January 2022, Defendant Dow Chemical Company hired Plaintiff Sushma Jones—a Black woman—to work as a Logistics Technician at Defendant's plant in Midland, Michigan. ECF No. 1 at PageID.2. Plaintiff resigned less than eight months later. *See* ECF No. 29-1 at PageID.473–74. In those eight months, Plaintiff alleges Defendant discriminated and retaliated against her on the basis of both her race and gender, in violation of federal and state law. *See generally* ECF No. 1. Specifically, Plaintiff alleges that, in March 2022, she was wrongfully accused of causing a chemical spill and, as a result, her supervisors and coworkers bullied and harassed her. *Id*. at PageID.2. According to Plaintiff, when she complained about this alleged

hostility to her supervisors, they "moved" her to "different, less desirable shift[s]" in "less-favorable" locations. *Id*. at PageID.3–4.

Plaintiff filed her Complaint in July 2023. ECF No. 1. But discovery disputes have dominated the docket since. *See* ECF Nos. 12; 23; 29; 34; 38; 57; 60; 75; 84; 86; 90; 91; 104; 105; 118. This Opinion & Order involves one such dispute: sanctions for Plaintiff's failure to timely produce legible copies of requested discovery.

### A.

This Court already explained most of the relevant background in a prior Opinion & Order:

> On June 7, 2024, Defendant filed a Motion to Compel, arguing that Plaintiff did not provide requested relevant medical records and that paper copies of relevant electronic records—texts and emails—that Plaintiff had produced were unorganized and illegible. ECF No. 23. After referral, ECF No. 24, in July 2024 (the "July Order"), Judge Morris granted Defendant's motion in large part and ordered Plaintiff to produce signed medical release forms. ECF No. 32.
>
> Importantly, during a hearing regarding this motion, Plaintiff's Counsel informed Defendant and the Court that Plaintiff "no longer ha[d] the phone" that stored the electronic records in question and "d[id]n't have access to" the email account used to send the illegible and unorganized emails. ECF No. 45 at PageID.806. So Judge Morris ordered Plaintiff to produce the "best copies possible" of these electronic records, or alternatively "assist [D]efendant[] in getting subpoenas for those records from" Plaintiff's phone carrier, on or before July 29, 2024. ECF No. 32. The only aspect of Defendant's Motion to Compel that Judge Morris[] *denied* was Defendant's request for sanctions in the form of reasonably incurred costs. *Id.* But Judge Morris gave Plaintiff's Counsel a "last warning" and noted Plaintiff's Counsel's conduct in delaying discovery and precluding production bordered on bad faith. ECF No. 45 at PageID.815.
>
> . . . [O]n August 1, 2024, Defendant . . . fil[ed] a Motion for Sanctions, arguing Plaintiff failed to timely produce her electronic records—or otherwise assist Defendant in securing a subpoena—in accordance with the July Order. ECF No. 34. [This] motion[] w[as] referred to Judge Morris. ECF Nos. 30; 35.

*Jones v. Dow Chem. Co.*, No. 1:23-CV-11814, 2024 WL 5004323, at *1–2 (E.D. Mich. Dec. 6, 2024) (emphasis in original).

On August 22, 2024, Judge Morris granted Defendant's Motion for Sanctions (the "August

Order") because "after being warned that further dilatory tactics may be sanctionable, Plaintiff did not produce organized, legible copies of her electronic records—or otherwise assist Defendants in securing a subpoena—by the deadline explicitly imposed by the July Order. Moreover, it was revealed at Plaintiff's August 14, 2024 deposition that—contrary to her Counsel's prior representations to the Court—she still had access to the electronic records in question and 'had better copies' of the illegible and unorganized records Plaintiff's Counsel previously produced to the Defense." *Id.* at *8 (internal citations omitted).

Plaintiff did "not dispute that she failed to abide by this Court's July 2024 Order." *Id.* Instead, Plaintiff objected "that her Counsel 'made diligent efforts' in 'good faith' 'to obtain better copies of the documents in question,' such that any failure to abide by this Court's production deadline was unintentional or substantially justified." *Id.*

But, in December 2024, this Court overruled Plaintiff's objection because Judge Morris "already heard this explanation, and found it lacked merit." *Id.*; *see also* ECF No. 46 at PageID.837 ("Plaintiff's counsel argues that she's just tirelessly ... tried to comply. I'm not seeing that. I see counsel blaming the client and saying that [counsel] had no idea there were better copies available."), PageID.840 (describing Plaintiff's Counsel's argument concerning good faith "disingenuous"). And, having reviewed the record, this Court concluded Judge Morris's conclusion was not clearly erroneous. *Jones*, 2024 WL 5004323, at *8. Indeed, the undersigned explained that "[u]nder the express terms of the July Order, Plaintiff had until July 29, 2024, to either (1) produce the best copies possible of the electronic records in question, or (2) assist defendants in getting subpoenas for those records from her carrier. Plaintiff did neither. And Plaintiff was expressly warned that this failure would be subject to sanctions. Rule 37 requires nothing more to impose monetary sanctions." *Id.* (internal citations and quotations omitted).

Defendant filed its bill for $4,397.50 in reasonably incurred costs. ECF No. 47. On January 13, 2025, Judge Morris issued an order directing Plaintiff to pay Defendant's costs "on or before January 27, 2025."[1] On January 27, 2025, Plaintiff filed objections instead of providing payment. ECF No. 103.

## II.

Under Civil Rule 72 and the Magistrate's Act, 28 U.S.C. § 636, a party may object to and seek review of a magistrate judge's orders. But this Rule and statute were intended to "improve access to the federal courts and aid the efficient administration of justice." *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). In the interest of judicial efficiency, objections must be *specific*. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Indeed, a "general objection to the entirety of the magistrate's report [or order] has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

The substance of the Magistrate's order dictates the district court's standard of review applicable to proper, specific objections. If the order is dispositive, a district court judge "must"

---

[1] In her January 13, 2025 Order, Judge Morris seemingly construed Plaintiff's objections to the August Order, ECF No. 49, as objections to Defendant's bill of costs. This is understandable as the objections seem to have been mistitled on the docket. *See id.* But Plaintiff's objections focused on the merits of the August Order, not Defendant's bill of costs. This Court addressed those objections in its December 2024 Opinion & Order. *Jones*, 2024 WL 5004323, at *8. Regardless, as Judge Morris correctly noted in her January 2025 order regarding Defendant's costs, Plaintiff never challenged the bill. *See* ECF No. 89 at PageID.1920 ("Plaintiff has not raised any issues actually objecting to any provision of the submitted bill of costs, i.e., hourly rate or number of hours spent in preparation.").

review the challenged issue *de novo*. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citing 28 U.S.C. § 363(b)(1)(B) and FED R. CIV. P. 72(b)). If the underlying order is nondispositive, a reviewing district court judge will only reverse when the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

"A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). And a legal conclusion is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)). Legal conclusions are reviewed *de novo*. *Id*. This deferential standard makes it "extremely difficult" for district court judges to "justify alteration of the magistrate judge's nondispositive" orders. CARLES ALANA WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022).

### III.

Plaintiff filed two objections. ECF No. 103. Both lack merit. First, Plaintiff objects that sanctions are "not justified" because her counsel acted in good faith to produce the "documents in question." ECF No. 103. But Plaintiff already made this objection when challenging the merits of Judge Morris's decision to award sanctions, and the undersigned already overruled it. *Jones*, 2024 WL 5004323, at *8 ("Judge Morris did not err"—let alone clearly so—"in granting Defendant's Motion for Sanctions."). Second, Plaintiff objects that awarding costs would undermine the "fair

administration of justice." ECF No. 103 at PageID.2217. This objection will be overruled as nonspecific. *See Howard*, 932 F.2d at 509.

At bottom, after reviewing Plaintiff's Complaint, ECF No. 1, Plaintiff's first Motion to Compel, ECF No. 12, Defendant's Response, ECF No. 15, Judge Morris's April 2024 Order, ECF No. 20, Defendant's Motion to Compel, ECF No. 23, Plaintiff's Response, ECF No. 27, Plaintiff's second Motion to Compel, ECF No. 29, Defendant's Response, ECF No. 33, Judge Morris's July 2024 Order, ECF No. 32, Defendant's Motion for Sanctions, ECF No. 34, Plaintiff's Response, ECF No. 37, Judge Morris's August 2024 Order, ECF No. 43, Plaintiff's responsive objections, ECF No. 49, Defendant's Bill of Costs, ECF No. 47, Judge Morris's January 2025 Order regarding these costs, ECF Bi, 89, and Plaintiff's second set of objections, ECF No. 103, this Court remains satisfied that Judge Morris did not err in granting Defendant's Motion for Sanctions, let alone clearly so. *See Jones*, 2024 WL 5004323, at *8. Plaintiff's second set of objections to the contrary will be overruled, Judge Morris's January 2025 Order will be adopted, and Plaintiff will be directed to pay Defendant its reasonably incurred costs.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 103, are **OVERRULED.**

Further, it is **ORDERED** that Judge Morris's January 2025 Order regarding Defendant's Bill of Costs, ECF No. 89, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to pay Defendant $4,397.50 in reasonably incurred costs, *see* ECF No. 47, **on or before May 16, 2025.**

**This is not a final order and does not close the above-captioned case.**

Dated: May 7, 2025                              s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge