UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUSHMA JONES,

                Plaintiff,                Case No. 1:23-cv-11814

v.                                         Honorable Thomas L. Ludington
                                              United States District Judge

THE DOW CHEMICAL COMPANY,

                                             Honorable Patricia T. Morris
               Defendant.            United States Magistrate Judge
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING
MAGISTRATE JUDGE'S PRETRIAL DISCOVERY ORDER**

Currently before this Court are Plaintiff's objections to Magistrate Judge Patricia T. Morris's February 25, 2025, order resolving seven pretrial discovery motions. As explained below, all objections lack merit and will be overruled. Judge Morris's order was not erroneous—let alone clearly so.

**I.**

In January 2022, Defendant Dow Chemical Company hired Plaintiff Sushma Jones—a Black woman—to work as a Logistics Technician at Defendant's plant in Midland, Michigan. ECF No. 1 at PageID.2. Plaintiff resigned less than eight months later. *See* ECF No. 29-1 at PageID.473–74. In those eight months, Plaintiff alleges Defendant discriminated and retaliated against her on the basis of both her race and gender, in violation of federal and state law. *See generally* ECF No. 1. Specifically, Plaintiff alleges that, in March 2022, she was wrongfully accused of causing a chemical spill and, as a result, her supervisors and coworkers bullied and harassed her. *Id*. at PageID.2. According to Plaintiff, when she complained about this alleged hostility to her supervisors, they "moved" her to "different, less desirable shift[s]" in "less-

favorable" locations. *Id*. at PageID.3–4. Plaintiff filed her Complaint in July 2023. ECF No. 1. But discovery disputes have dominated the docket since. *See* ECF Nos. 12; 23; 29; 34; 38; 57; 60; 75; 84; 86; 90; 91; 104; 105; 118.

This Opinion & Order resolves seven pretrial discovery motions, all of which were referred to Magistrate Judge Patricia T. Morris under Civil Rule 72 and the Magistrate's Act, 28 U.S.C. § 636(b). After an omnibus hearing, Judge Morris resolved all seven motions on February 25, 2025. ECF Nos. 122; 129. Currently before the Court are Plaintiff's objections to Judge Morris's Order. ECF No. 126. Before turning to these objections, this Court will explain the relevant motions and Judge Morris's respective rulings.

### A. Plaintiff's Motion for Defendant to Show Cause Why it Should Not Be Held in Contempt for Perjury (ECF No. 90) and Defendant's Motion for a Protective Order (ECF No. 100)

The first two motions have a bizarre history and implicate another case brought by Plaintiff's Counsel against Defendant.

In September 2024, another former Dow employee, Charles Baston—represented by Plaintiffs' Counsel, here—sued Defendant for racial discrimination and retaliation. *See Baston v. Dow Chem. Co.*, Case No. 1:24-cv-12411 (E.D. Mich. Sept. 13, 2024) [hereinafter *Baston*]. The Parties in that separate case stipulated to a confidentiality order that—like the stipulated confidentiality order in this case—provided that discovery marked as "confidential" in that case could only be used to prepare for that case. *See Baston*, ECF No. 11. At some point during discovery in *Baston*, Dow produced emails to Plaintiff's Counsel and designated the emails as "confidential" under the terms of the stipulated order in that case. *See* ECF No. 106-2 at PageID.2256.

On January 10, 2025, the Parties deposed Jessica Bruske—a Senior Site Logistics

Operations Leader and Supervisor at Dow—in *this case*. Yet Plaintiffs' Counsel presented Bruske with the confidential emails produced in *Baston*:

> **Plaintiff's Counsel**: We just got the document production and I just had a chance to look at it a little bit during the breaks that we've had and I have stuff from *Mr. Baston's case* . . . all right? There are at least some emails I see *from Mr. Baston's case* w[h]ere OEC did an investigation into racial discrimination and you were one of the witnesses. Did you participate in that investigation or you didn't?
>
> **Defense Counsel:** Can I stop you right there? Are you referring to a document that was produced in the Charles Baston matter?
>
> **Plaintiff's Counsel**: Yes.
>
> **Defense Counsel:** What was it marked?
>
> **Plaintiff's Counsel:** I don't know.
>
> **Defense Counsel:** Is it marked confidential?
>
> **Plaintiff's Counsel**: Does she work for Dow?
>
> **Defense Counsel**: Is it in another matter?
>
> **Plaintiff's Counsel:** No, I'm using it *in this case*. . . .
>
> **Defense Counsel:** We're not doing that . . .
>
> **Plaintiff's Counsel**: Okay. Well, I have a problem because if somebody—I have a problem. So I don't know if this is marked confidential because I just got it. I can look and see. Do you want me to look?
>
> **Defense Counsel**: If the document you are referring to is marked confidential? Yeah.

ECF No. 98 at PageID.1993–94 (sealed) (emphasis added). But Plaintiff's Counsel did not confirm whether the document was marked confidential during the deposition, and Defense Counsel objected, but allowed Ms. Bruske to answer whether she was "aware of an [internal] investigation into racial discrimination *involving Mr. Baston*?" *Id.* (emphasis added). Ms. Bruske responded that she "d[id] not remember." *Id.*

Bruske's deposition prompted two motions in the above-captioned case.[1] First, on January

---

[1] Notably, Dow's Counsel filed a motion in *Baston* to hold Plaintiff's Counsel in civil contempt for their purported breach of the stipulated confidentiality order in that case. *See Baston*, ECF No.

- 3 -

16, 2025, Plaintiff filed a Motion to Show Cause why Defendant and/or Counsel Should Not be Held in Contempt. ECF No. 90. Plaintiff contended that the confidential emails produced in *Baston*—which listed Bruske as a witness in discrimination complaints—contradicted Bruske's deposition testimony that she "was not aware" of such complaints, to the extent that Defendant and Defense Counsel "knowingly provided false testimony under oath." *Id.* at PageID.1928–29. Second, on January 21, 2025, Defendant filed a Motion for a Protective Order reaffirming that "Plaintiff is only allowed to conduct discovery in this matter as it relates to the named Plaintiff's own case—Sushma Jones—and no other cases." ECF No. 100. Judge Morris denied both motions in her February 2025 Order. *See* ECF No. 122 at PageID.2368.

Start with Plaintiff's Motion to Show Cause, accusing Defendant of committing perjury. Judge Morris began by explaining Bruske did not provide "false" testimony by saying she did not remember participating in discrimination complaints. ECF No. 129 at PageID.3011. And, even if she did, Judge Morris concluded Plaintiff did not produce any evidence suggesting this testimony was intentional, nor that Bruske's testimony could be attributed to Defendant "and/or" Defense Counsel. *Id.* at PageID.3011–123 ("[T]here's not even an indicia that either defendant, defendant's counsel, or even Ms. Bruske, that her statements rose anywhere near the level that is necessary to meet the standards for perjury.").

Next, consider Defendant's Motion for a protective order. Judge Morris construed this motion as practically seeking an injunction precluding Plaintiff from violating the confidentiality order in this case, ECF No. 11. ECF No. 129 at PageID.1983. Although Judge Morris reaffirmed that the stipulated confidentiality order is binding on the Parties, *id.* at PageID.3019–20, she

---

12; *see also Baston*, ECF No. 31 (certifying facts and recommending Plaintiff's Counsel be held in civil contempt).

ultimately concluded the injunctive relief Defendant requested in the form of a protective order was "not appropriate" under the Civil Rules. *Id.* at PageID.2984.

### B. Parties' Motions to Seal Exhibits (ECF Nos. 91; 94; 99)

The next group of relevant motions is straightforward. On January 16, 2025, Plaintiff filed a motion to seal certain exhibits attached to its motion for a show-cause order, ECF No. 90. ECF No. 91. Plaintiff filed an amended motion later that same day. ECF No. 94. And Defendant filed a similar motion five days later. ECF No. 99.

The undersigned promptly referred these motions to Judge Morris under Civil Rule 72. ECF Nos. 92; 95; 102. And, in her February 2025 Order, Judge Morris swiftly denied all three motions to seal for failure to comply with Local Rules requiring parties seeking seal to (1) provide an index of the documents proposed to be sealed, (2) provide a description of any non-party or third-party interests that may be affected if the documents were publicly disclosed, (3) indicate whether the proposed sealed material was designated as 'confidential' under a protective order, (4) provide a "detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority," and (5) provide an unredacted version of the proposed sealed document, filed as an exhibit to the motion to seal. ECF No. 129 at PageID.2979 (citing Local Rule 5.3(b)(3)(A)).

### C. Plaintiff's Motion to Stay Costs Pending Objections (ECF No. 104)

The next relevant motion requires additional context. As this Court explained in a prior Opinion:

> On June 7, 2024, Defendant filed a Motion to Compel, arguing that Plaintiff did not provide requested relevant medical records and that paper copies of relevant electronic records—texts and emails—that Plaintiff had produced were unorganized and illegible. ECF No. 23. After referral, ECF No. 24, in July 2024 (the "July Order"), Judge Morris granted Defendant's motion in large part and ordered Plaintiff to produce signed medical release forms. ECF No. 32.

> Importantly, during a hearing regarding this motion, Plaintiff's Counsel informed Defendant and the Court that Plaintiff "no longer ha[d] the phone" that stored the electronic records in question and "d[id]n't have access to" the email account used to send the illegible and unorganized emails. ECF No. 45 at PageID.806. So Judge Morris ordered Plaintiff to produce the "best copies possible" of these electronic records, or alternatively "assist [D]efendant[] in getting subpoenas for those records from" Plaintiff's phone carrier, on or before July 29, 2024. ECF No. 32. The only aspect of Defendant's Motion to Compel that Judge Morris[] *denied* was Defendant's request for sanctions in the form of reasonably incurred costs. *Id.* But Judge Morris gave Plaintiff's Counsel a "last warning" and noted Plaintiff's Counsel's conduct in delaying discovery and precluding production bordered on bad faith. ECF No. 45 at PageID.815.
>
> . . . [O]n August 1, 2024, Defendant . . . fil[ed] a Motion for Sanctions, arguing Plaintiff failed to timely produce her electronic records—or otherwise assist Defendant in securing a subpoena—in accordance with the July Order. ECF No. 34. [This] motion[] w[as] referred to Judge Morris. ECF Nos. 30; 35.

*Jones v. Dow Chem. Co.*, No. 1:23-CV-11814, 2024 WL 5004323, at *1–2 (E.D. Mich. Dec. 6, 2024) (emphasis in original).

On August 22, 2024, Judge Morris granted Defendant's Motion for sanctions because "after being warned that further dilatory tactics may be sanctionable, Plaintiff did not produce organized, legible copies of her electronic records—or otherwise assist Defendants in securing a subpoena—by the deadline explicitly imposed by the July Order." *Id.* at *8. Moreover, it was revealed at Plaintiff's August 14, 2024 deposition that—contrary to her Counsel's prior representations to the Court—she still had access to the electronic records in question and 'had better copies' of the illegible and unorganized records Plaintiff's Counsel previously produced to the Defense." *Id.* (internal citations omitted).

On September 5, 2024, Plaintiff objected to Judge Morris's decision, arguing "that her Counsel 'made diligent efforts' in 'good faith' 'to obtain better copies of the documents in question,' such that any failure to abide by this Court's production deadline was unintentional or substantially justified." *Id.* at *8 (citing ECF No. 49).

In December 2024, this Court overruled Plaintiff's objection because Judge Morris "already heard this explanation, and found it lacked merit." *Id.*; *see also* ECF No. 46 at PageID.837 ("Plaintiff's counsel argues that she's just tirelessly ... tried to comply. I'm not seeing that. I see counsel blaming the client and saying that [counsel] had no idea there were better copies available."), PageID.840 (describing Plaintiff's Counsel's argument concerning good faith "disingenuous"). And, having reviewed the record, this Court concluded Judge Morris's decision to sanction Plaintiff was not clearly erroneous. *Jones*, 2024 WL 5004323, at *8. Indeed, the undersigned explained that, "[u]nder the express terms of the July Order, Plaintiff had until July 29, 2024, to either (1) produce the best copies possible of the electronic records in question, or (2) assist defendants in getting subpoenas for those records from her carrier. Plaintiff did neither. And Plaintiff was expressly warned that this failure would be subject to sanctions. Rule 37 requires nothing more to impose monetary sanctions." *Id.* (internal citations and quotations omitted).

Defendant filed its bill for $4,397.50 in reasonably incurred costs. ECF No. 47. On January 13, 2025, Judge Morris issued an Order directing Plaintiff to pay Defendant's costs "on or before January 27, 2025." ECF No. 89 (emphasis omitted). But, on January 27, 2025, Plaintiff filed more objections. ECF No. 103. And Plaintiff simultaneously filed the relevant motion at hand: a motion to stay the sanctions payment pending the resolution of her second set of objections concerning this sanction order.[2] ECF No. 104.

During the February 25, 2025 hearing, Judge Morris denied Plaintiff's motion to stay, explaining that her pretrial discovery orders "stand[] unless and until [they are] overturned by" the undersigned. ECF No. 129 at PageID.3014; *see also* FED. R. CIV. P. 72(a); 28 U.S.C. §

---

[2] The undersigned recently overruled these objections and, for the second time, affirmed Judge Morris's decision to sanction Plaintiff in the form of paying Defendant's reasonably incurred costs. *See* ECF No. 142.

636(b)(1)(A).

### D. Plaintiff's Motion to Deem Transcripts "Not Confidential" (ECF No. 105)

The last motion relevant to this Opinion & Order stems from the January 2025 depositions of Charles Baston, Trevion, Jackson, Mario Williams, Ayanna Walker, and Kevin Walker. After these depositions, consistent with the Stipulated Confidentiality Order in this case, Defendant designated the transcripts of each deposition as "confidential" because—in its view—the witnesses discussed "information regarding internal investigations and personal information of current or former Dow employees." ECF No. 117 at PageID.2319; *see also* ECF No. 11 at PageID.61 (stipulating that "confidential information" includes information about "sensitive business or personal information [such as] employment or personnel files, information related to internal investigations, or personal information regarding current or former [Dow] employees").

Plaintiff disagreed with this designation. So, on January 28, 2025—consistent with the Stipulated Confidentiality Order—Plaintiff filed a motion seeking an order designating the deposition transcripts as nonconfidential. ECF No. 105; *see also* ECF No. 11 at PageID.64 ("Whenever a part objects to the designation of discovery material as Confidential . . . , that party may apply to the Court for a ruling that such discovery material shall not be so treated[.] Until this Court enters an order changing the designation, the discovery material shall be treated as Confidential . . . as originally designated[.]").

But Plaintiff did not explain *why* she contended the deposition transcripts were nonconfidential, nor did Plaintiff identify *which* specific parts of the transcripts should be so designated. *See generally* ECF No. 105. Indeed, much of Plaintiff's motion conflated standards applicable to *sealing* information from the public record with those applicable to *confidential* discovery production. *See id.* at PageID.2234–36. Judge Morris noted this distinction in her February 2025 Order. ECF No. 129 at PageID.2979 ("Confidential does not equal sealed. Sealed

does not equal confidential."). And Judge Morris ultimately denied Plaintiff's Motion without prejudice because (1) the Stipulated Confidential Order created a "presumption" that a Party's confidential designation "is good unless and until it's overturned by the Court" and (2) the Stipulated Confidentiality Order expressly permitted the designation of entire deposition transcripts as confidential, *see* ECF No. 11 at PageID.64, and (3) Plaintiff did not identify which portions of the transcripts she sought to "de-designate" and did not explain why the transcripts were nonconfidential. ECF No. 129 at PageID.2986–90.

Plaintiff filed two objections to Judge Morris's February 2025 Order on March 12, 2025. ECF No. 126. Defendant responded two weeks later. ECF No. 131.

## II.

Under Civil Rule 72 and the Magistrate's Act, 28 U.S.C. § 636, a party may object to and seek review of a magistrate judge's orders. But this Rule and statute were intended to "improve access to the federal courts and aid the efficient administration of justice." *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). In the interest of judicial efficiency, objections must be *specific*. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Indeed, a "general objection to the entirety of the magistrate's report [or order] has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

Specific objections to a magistrate judge's nondispositive discovery orders are reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous'

[if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). This clear-error standard makes it "extremely difficult" for district court judges to "justify alteration of the magistrate judge's nondispositive" orders. CARLES ALANA WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022).

### III.

Both of Plaintiff's objections will be overruled. First, Plaintiff objects that Judge Morris erroneously denied Plaintiff's motion for an order to show cause why Defendant should not be held in contempt for committing perjury. ECF No. 126 at PageID.2962–63; *see also supra* Section I.A (discussing ECF No. 90). Plaintiff argues that, contrary to Judge Morris's conclusions, "the evidence establishes that Defendant's witness, Jessica Bruske, knowingly provided false testimony under oath regarding her knowledge of and involvement in complaints of racial discrimination[.]" ECF No. 126 at PageID.2962. This argument is disingenuous and lacks merit.

As properly framed by Judge Morris, ECF No. 129 at PageID.3009–10, a party commits perjury by willfully and intentionally providing false testimony about a material matter. *United States v. Boring*, 557 F.3d 707, 712 (6th Cir. 2009). Plaintiff falls far short of this showing. For starters, Plaintiff has not provided any evidence that Bruske's testimony was *false*. Nor could she. Plaintiff continues to claim that "documents produced by Defendant contradict" Bruske's deposition testimony. ECF No. 126 at PageID.2962. According to the Parties' pleadings, the relevant document identifies Bruske as a witness in prior internal discrimination complaints at

Dow. *See* ECF Nos. 90; 106-1; 106-2. But Bruske did not deny such involvement in her deposition. She simply could not recall her involvement and denied handling such complaints "directly." *See* ECF No. 98 at PageID.1990, 1992–96. A "faulty memory" cannot produce false testimony. *Boring*, 557 F.3d at 712. A witness does not perjure themselves by providing "inaccurate testimony as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 87 (1993). And even if Bruske's deposition testimony was "false"—it wasn't—Plaintiff has not even attempted to show this false testimony was *intentional* or *willful*. And even if Bruske intentionally provided false testimony—she didn't—Plaintiff has not shown how this hypothetical perjury is attributable to *Defendant* "and/or" *Defense Counsel.* ECF No. 90. Judge Morris did not err—let alone clearly so—in denying Plaintiff's entirely unwarranted motion accusing Defendant and Defense Counsel of committing perjury.

Second, Plaintiff objects that Judge Morris erred in denying her motion to stay her sanctions payment pending Plaintiff's second set of underlying objections addressing the propriety of sanctions, ECF No. 103. ECF No.126 at PageID.2963–64; *see also supra* Section I.C (discussing ECF No. 104). This objection is moot because the undersigned overruled these objections on May 7, 2025. ECF No. 142.

Accordingly, Plaintiff's objections will be overruled, and Judge Morris's February 2025 Order will be adopted in full.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 126, are **OVERRULED.**

Further, it is **ORDERED** that Judge Morris's February 2025 Order, ECF No. 122, *see also* ECF No. 129, is **ADOPTED.**

- 12 -

**This is not a final order and does not close the above-captioned case.**

Dated: May 20, 2025                              s/Thomas L. Ludington
                                                                             THOMAS L. LUDINGTON
                                                                             United States District Judge