No. 25-1486

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Mar 11, 2026
KELLY L. STEPHENS, Clerk

In re:  SUSHMA JONES,                            )
                                                 )        O R D E R
        Petitioner.                              )

Before:  WHITE, BUSH, and NALBANDIAN, Circuit Judges.

Plaintiff Sushma Jones petitions for a writ of mandamus directing the Honorable Thomas L. Ludington to recuse himself from presiding over her district court case pursuant to 28 U.S.C. § 144.  We reserved a ruling on the mandamus petition pending the district court's resolution of Jones's motion to recuse, which had not yet been ruled on.  Judge Ludington responds, submitting his opinion and order denying the motion to recuse.

Mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'"  *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)).  "As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue." *Id.* (citation modified).  We will issue the writ only if:  (1) the petitioner seeking the writ has no other adequate means to attain the desired relief; (2) the petitioner establishes that his right to the writ is clear and indisputable; and (3) we, in our discretion, are satisfied that the writ is appropriate under the circumstances.  *Id.* at 380–81.

Jones argues that Judge Ludington's recusal is warranted under §§ 144 and 455 based on his father's stint as CEO of Dow Corning; his role on the Board of The Rollin M. Gerstacker Foundation; Dow's ubiquitous presence in Midland, where he resides; several of his rulings in her case, including his wholesale acceptance of the magistrate judge's recommendations; and the results of prior cases he presided over where Dow was a party. None of these facts requires recusal.

As an initial matter, although § 144 provides that when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [her] or in favor of any adverse party, such judge shall proceed no further therein," it does not "require automatic disqualification once the affidavit is filed"; on the contrary, "a district court judge has a duty to examine the affidavit to determine whether it is timely and legally sufficient." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1354 n.1, 1355 (6th Cir. 1988) (citation modified). Thus, to the extent Jones argues that Judge Ludington was obligated to recuse himself without first reviewing her affidavit, she is mistaken.

Both § 144 and § 445 require recusal when a judge has a personal bias or prejudice for or against a party, or when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* at 1356 (quoting *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)); 28 U.S.C. § 455(a), (b)(1); *see* 28 U.S.C. § 144. The alleged bias must be personal, "'stem[ming] from an extrajudicial source and result[ing] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1252 (6th Cir. 1989)); *see also Easley*, 853 F.2d at 1355 (applying the extrajudicial source doctrine to §§ 144 and 455). Thus, Jones is not entitled to the writ based

on rulings against her or for Dow, including Judge Ludington's acceptance of the magistrate judge's recommendations.

Meanwhile, § 455(b)(4) requires recusal when a judge "knows that he, individually or as a fiduciary, . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). And § 455(b)(5)(i) requires a judge to recuse himself if "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person . . . [i]s a party to the proceeding, or an officer, director, or trustee of a party."

No reasonable person would doubt Judge Ludington's impartiality simply because his father spent six years as the CEO of Dow Corning more than thirty years ago, and after Judge Ludington had left home and begun practicing law. *See* E. DIST. OF MICH., *Judge Thomas L. Ludington*, https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=21 (last visited February 2, 2026). Moreover, Judge Ludington's father died in 2010, six years before Dow Corning merged with Defendant Dow Chemical. Courts have repeatedly found that recusal is not necessary where, as here, the judge's interest in the litigation is "remote, contingent, indirect, or speculative." *See, e.g.*, *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)).

Judge Ludington has no direct financial interest in Dow, having long ago sold his Dow and Dow Corning stock according to his ethical obligations under section 4(D) of the Canon for Judicial Ethics, which requires a judge to "divest investments and other financial interests that might require frequent disqualification." CODE OF CONDUCT FOR U.S. JUDGES Canon 4(D)(3) (2019). And § 455(d)(4)(ii) clarifies that "[a]n office in an educational, religious, charitable, fraternal, or civic organization is not a 'financial interest' in securities held by the organization,"

so Judge Ludington has no financial interest in Dow by way of serving on the Board of the Gerstacker Foundation despite its ownership of Dow stock. Nor does his role with the Gerstacker Foundation raise reasonable doubt about his impartiality, notwithstanding the participation of several Dow officers; such personal and professional associations are "the type of inevitable tangential personal relationships which by themselves fail to suggest judicial bias." *Easley*, 853 F.2d at 1356. This reasoning equally applies to any exposure Judge Ludington has to Dow or its executives merely by living in an area where Dow has a significant presence.

As to allegedly biased comments made to or about Jones and her counsel, "the judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *Sammons*, 918 F.2d at 599 (citation modified). For this reason, comments "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge" unless "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *United States v. Liggins*, 76 F.4th 500, 506 (6th Cir. 2023) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). In any event, a thorough reading of the record, including numerous hearing transcripts, recommendations, and orders regarding these issues, reveals that Judge Ludington has made well-reasoned decisions based on what was happening in the litigation, not that he favors Dow.

That leaves only Judge Ludington's rulings in other cases involving Dow. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. At any rate, there is no indication of bias here. In the twenty years since he was appointed to the Eastern District of Michigan, Judge Ludington has presided over approximately thirty cases in which Dow Chemical was a party. His impartiality was not challenged in any of those cases. Most of those cases were voluntarily dismissed or were dismissed upon stipulation of the parties.

Of the two discrimination cases where Judge Ludington granted summary judgment in Dow's favor, this court affirmed one, *Anwar v. Dow Chem. Co.*, 876 F.3d 841 (6th Cir. 2017), and the parties settled the other, *Dabrowski v. Dow Chem. Co.*, No. 07-1315 (June 5, 2007).  The one case that proceeded to a jury ended with a plaintiff's verdict on an FMLA retaliation claim, and Judge Ludington denied Dow's post-verdict motion for judgment as a matter of law.  *Hartman v. Dow Chem. Co.*, No. 13-cv-14774, 2015 WL 5729074 (E.D. Mich. Sept. 30, 2015), *rev'd on appeal*, 657 F. App'x 448 (6th Cir. 2016).

Because Judge Ludington did not abuse his discretion when he denied Jones's motion to recuse, Jones has not shown a clear and indisputable right to mandamus.  Accordingly, the petition for a writ of mandamus is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 03/11/2026.

**Case Name:**  In re: Sushma Jones
**Case Number:**  25-1486

**Docket Text:**
ORDER filed :Because Judge Ludington did not abuse his discretion when he denied Jones's motion to recuse, Jones has not shown a clear and indisputable right to mandamus. Accordingly, the petition for a writ of mandamus is DENIED. No mandate to issue. Helene N. White, Circuit Judge; John K. Bush, Circuit Judge and John B. Nalbandian, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

**A copy of this notice will be issued to:**

Ms. Carla D. Aikens
Ms. Kinikia D. Essix